Clark *vs.* Miles.

Joseph W. Clark, Pl'ff in Error,

*vs.*

George W. Miles, and Henry C. Barretto, Def'ts in Error.

Where there is an appeal from the judgment of a Justice's Court, which is not effectually made, in accordance with the requirements of the Statute, it will be dismissed, notwithstanding it has been allowed by the Justice, and the security required by the Statute, has been given.

Where, in such a case the appeal is dismissed, the party who brought it, together with his sureties in the appeal bond, is liable to an action thereon, for the recovery of the amount of the judgment rendered by the Justice.

This Court will not send the plaintiff, in the suit before the Justice, back to a prosecution of the original demand sued upon before the Justice; but will sustain a suit instituted upon the appeal bond in his favor for obtaining satisfaction of his debt.

Error to the La Fayette Circuit Court.

The case was this: Miles, one of the defendants in error, undertook to make an appeal from a Judgment rendered against him; but in that proceeding neglected to file, before the Justice, the affidavit required by the Statute. The Justice nevertheless allowed the appeal; but the late District Court dismissed it, when brought before that tribunal. An action was then brought by the plaintiff in the Judgment against Miles and his surety on the bond given on making the appeal, and that Court rendered judgment against the plaintiff in error, upon the ground that the dismissal of the appeal carried with it and invalidated the appeal bond; and that an action, in that case, could not be maintained upon it. The writ of error in this case is to procure a reversal of such judgment.

Clark *vs.* Miles.

*John K. Williams*, for Pl'ff in Error.

*J. H. Knowlton*, for Def'ts in Error.

*By the Court.*—LARRABEE, J.—It appears from the record in this cause, that the defendant Miles took every step to entitle him to an appeal, with the single exception of filing an affidavit with the Justice, as is required by the Statute.  An appeal was allowed by the Justice, and subsequently dismissed by the District Court.  Thereupon the plaintiff brought his suit in the La Fayette Circuit, upon the recognizance filed by the defendant, with Barretto as surety, and that Court rendered judgment against him.

The appeal was properly dismissed in the first instance, as the affidavit was absolutely required by the Statute; but the question now presented is, whether that dismissal rendered the recognizance void.  We think not.  One of the conditions of the recognizance, (of which a form is given in the Statute), is, that the appellant shall pay the amount of the judgment rendered against him before the Justice, including costs of appeal, with interest, in case his appeal shall be dismissed or discontinued.

It was not the fault of the appellee that no affidavit was filed; nor can he be made to suffer for either the negligence of the appellant, or of the Justice.  It was not for him to enquire into the reason for the dismissal of the appeal—he was satisfied that it was dismissed.  He had been subjected to delay and expense because of the voluntary action of his antagonist; and it would be harsh indeed to drive him back to his execution upon the Justice's judgment, and thus deprive him of all indemnity for the delay and costs of the appeal.

We regard his right to sue upon the recognizance as perfect, from the time of the judgment of the District Court. It was a voluntary security for the payment of the judgment; and once given, could not be witdrawn by the party, nor invalidated by the judgment of the Supreme Court.

We think, therefore, that the judgment at the Circuit was wrong, and must be reversed.

Judgment reversed.