JONATHAN G. PELTON, Plaintiff in Error,

vs.

THE TOWN OF BLOOMING GROVE, Defendant in Error.

ERROR TO THE DANE COUNTY COURT.

In order to take an appeal from the judgment of a justice of the peace all the requisites of the Statute to that end must be complied with, within ten days after the rendition of judgment.

Without a compliance with the requirements of the Statute within the time prescribed thereby for the taking of an appeal, the County Court obtains no jurisdiction.

Everything necessary to show the jurisdiction of the County Court, must affirmatively appear, and where a jurisdictional defect is apparent upon the record of such Court, no bill of exceptions is necessary to render such defect available on error.

The act of March 24, 1852, does not apply to proceedings on appeal from the judgment of a justice of the peace.

This was an action commenced before a justice of the peace for Dane County against the defendant in error, to recover for alleged services as town clerk, and also for medical services, where the plaintiff recovered judgment for $26.00 and costs, on the 10th day of August, 1853. On the 11th day of August, 1853, the defendant filed a recognizance for an appeal, but the sureties to the said recognizance did not justify, nor was their responsibility admitted by the opposite party. Afterwards, at the November term of the County Court of said county, the plaintiff moved the court to dismiss the appeal, for insufficiency of the recognizance. The court overruled the motion, and ordered that the defendant have leave to file a new recognizance, which was afterwards done. The

cause was submitted to the court, a jury being waiv-
ed, and judgment of non-suit was rendered against the
plaintiff, and for costs. To reverse which judgment
the plaintiff sued out this writ of error.

It was insisted by the counsel for the plaintiff in
error that the court erred in refusing to dismiss the
appeal, for the reason that no sufficient recognizance
had been filed within ten days after the rendition of
judgment by the justice. And also that the court
erred in permitting a new recognizance to be filed.

On the part of the defendant in error it was con·
tended that the motion to dismiss the appeal, and the
decision of the court below thereon, formed no part
of the record in the cause, not having been made so
by bill of exceptions, and hence could not be noticed
by this court.

And further, that it was to be presumed that the
justice had done his duty in requiring the surety in
the recognizance to justify before he allowed the ap-
peal.

And also that by the session laws of 1852, the
County Court was authorized and required to permit
a new recognizance to be filed at any time before the
motion to dismiss the appeal was decided.

*Botkin & Hood,* for the plaintiff in error.

*Orton & Atwood,* for the defendant in error.

*By the Court,* CRAWFORD, J. The judgment of the
County Court in this case must be reversed, because
that court acquired no jurisdiction of it.

Section 228 of Chapter 88 of the Revised Statutes,
prohibits an appeal unless an affidavit, stating that
*the appeal* is made in good faith, &c., be presented

June Term
1854.

Pelt on
vs.
Town of
Blooming
Grove.
to the justice of the peace, before whom the case was tried, and a recognizance be entered into by the appellant or some person for him, with one or more sureties, within ten days after the rendition of judgment.

In this case no affidavit appears to have been made, nor was the recognizance originally entered into before the justice of the peace, approved by him. In deed, without consent by the appellee, or a justification under oath by the surety, the justice had no authority to endorse his *satisfaction* upon the recognizance.

In all cases of appeal from the judgment of a justice of the peace, if the requirements of the statute be not complied with, by filing the affidavit and recognizance in the manner and within the time prescribed by the statute, the appellate court should dismiss the appeal, for, if the prescribed acts be not performed, there is no valid appeal. The point has been decided in *Clark vs. Miles and another*, 2 *Chand.* 94 ; *Brown vs. Pratt and Wood*, 4 *Chand.* 32, and *Clark & Rice vs. Bowers, garnishee &c.*, 2 *Wis. R.* 123.

We cannot construe the act of March 24, 1852, so as to give it an application in a case like the present one. A party obtains a judgment before a justice of the peace, for a sum sufficient to permit the opposite party to prosecute an appeal; if he choose to appeal within ten days by complying with the provisions of the statute on that subject, the judgment is inoperative; but if he fail to do so, the party who obtained the judgment may thereupon proceed to execution. Now if the act of March 24, 1852, should be deemed to extend to cases of appeal from justices of the peace whenever the party taking an appeal had failed to

file the proper recognizance required by law within

ten days after the rendition of judgment, although he had filed a defective recognizance with the justice, yet the filing of a proper recognizance in the appellate court would have relation back to the time of taking the appeal, and confer a jurisdiction which thereto-fore had not attached, because at no time previous to the filing of the amended or correct recognizance, had the justice ceased to have control of the case. The attempt to appeal had not deprived him of the power to issue execution on the judgment, and the appellate court had no jurisdiction unless the conditions imposed by the statute had been complied with. It is this compliance which gives that court jurisdiction, and without in effect repealing that portion of section 228 of chapter 88, of the R. S., which requires the acts to be done within ten days, we cannot extend the act of March 24, 1852, to cases of this kind; and this we believe was not intended by the legislature.

In every case therefore, where a recognizance, such as the statute requires, is not filed with the justice "within ten days after judgment," no appeal can be entertained; the right to appeal is gone, and the act of March 24, 1852, cannot cure the omission or enable the appellate court to take cognizance of the case.

The counsel for the defendant in error, very properly insisted at the bar, that a motion made in a case, is no part of the record, unless made so by a bill of exceptions, and in this case there has been no bill sealed. Under the twelfth section of chapter 104 of the Revised Statutes, where in the progress of the case, a motion is made requiring a judicial determination, and either party is dissatisfied with the disposition thereof, such party may allege an exception, and

June Term
1854.

Pelton
vs.
Town of
Blooming
Grove.
it is the duty of the court to sign the exception and thereby make it a part of the record. The question is then subject to review in this court. Whenever a motion presents a question of law, as on a motion for nonsuit and the like, the party may allege an exception. *Vide Raymond on Bill of Exceptions*, 28–32. 1 *Burrills Pr.* 456, *Murray et. al. vs. Judah*, 6 *Cow.* 484.

But even without a bill of exceptions in a case like the present one, everything to show the jurisdiction of the County Court must affirmatively appear, and where there is a jurisdictional defect apparent to us, we cannot overlook it, although the party has neglected to show by a bill of exceptions that he sought to avail himself of the defect in the court below.

The judgment of the County Court is reversed, with costs.