EZRA L. VARNEY, Plaintiff in Error,

*vs.*

BENJ. W. CASWELL, Defendant in Error.

ERROR TO DANE CIRCUIT COURT.

A failure to comply with the requisitions of the statute, for taking an appeal from the judgment of a justice is a jurisdictional defect, and may be urged in the Supreme Court.

This was an action of assumpsit commenced before a justice of the peace by the plaintiff in error, against the defendant in error. The plaintiff obtained a judgment before the justice, and the defendant appealed to the County Court of Dane county, and the case was then transferred, on the application of the defendant, to the Circuit Court for the same county. The declaration, plea, &c., were filed in the Circuit Court, April 8th, 1851. The declaration is in assumpsit for breach of contract, and claims one hundred dollars damages. The plea is *non assumpsit.*

From the bill of exceptions it appears that on the 9th day of June, 1854, the plaintiff, by his attorneys, made and filed a motion in the cause to dismiss the appeal of the defendant for the reasons : *First,* that the surety in the recognizance for appeal was not approved by the justice, nor did the surety justify his responsibility under oath as required by law. *Second,* the appellant had not used due diligence in prosecuting his appeal to a judgment.

It further appears from the bill of exceptions that the recognizance for the appeal is in due form, and executed by the defendant and Elisha Dickinson as

surety, and was taken and acknowledged before the justice who tried the cause. The recognizance further contains the following endorsement: "Jan. 6th, 1851. Bond approved. A. Wilcox, J. P."

It further appears that on the 16th day of June, 1854, the defendant, by his attorneys, filed a motion in the cause, and moved the court to enter a non-suit, or discontinuance of the cause, as of the October term, 1853, for the reason that the same was ordered to be discontinued by the then attorneys of the plaintiff, but by omission of the clerk of the court, the dis-continuance was not entered at said October term, which motion was founded on affidavits of the attorneys of the defendant to the effect that the cause had been noticed for trial at the October term, 1853, and that an agreement had been made that the said suit should be discontinued on the part of the plaintiff Also that the understanding was, at the time the cause was called at the October term, that the plaintiff was non-suited. To the reading of which affida-vits objections were taken and overruled, and the affidavits admitted. A motion was then made by the plaintiff to dismiss the appeal, which was overruled

The court rendered judgment of non-suit against the plaintiff in error *nunc pro tunc*, as of October term, 1853, with costs.

From the record it appeared that the sureties in the recognizance had not justified their responsibility in conformity with the statute, and that they were not accepted by the appellee, and on this ground ob-jection was raised to the jurisdiction of the court be low, and there overruled; which was the basis of the judgment of this court.

48*

*Vilas, Roys & Pinney*, for the plaintiff in error.

*Abbott & Clark*, for the defendant in error.

*By the Court*, WHITON, C. J.　According to the decision of this court in the case of *Potter vs. the town of Blooming Grove*, *ante*, and other similar cases, the judgment of the court must be reversed.　The court below had no jurisdiction, for want of compliance with the statute regulating appeals from justices. (See Revised Statutes, chap. 88, § 230.)

It is therefore quite immaterial whether a judg-ment of non-suit was in fact ordered by the court at the October term, 1853, according to the affidavits filed by the defendant in error, or not.　We need not therefore consider the question whether it was prop-er for the court to receive the affidavits, nor whether the judge decided correctly' upon the matters con-tained in them.　Judgment reversed.