January Term,
1862.

NELSON VS. CLONGLAND and another.

NELSON
v.
CLONGLAND et
al.

On appeal from an order denying probate of a nuncupative will, the heir at law of the decedent is the party adversely interested; and the appeal bond is properly made payable to him.

It is a sufficient statement of the "reasons for the appeal," to say that the evidence proved the due execution of the will, and the county judge denied probate of it.

It is enough in such a case that the notice of appeal was directed to the county judge, "and all whom it may concern" (without naming them), and was served on the heir at law, and on the person who had been appointed special administrator of the estate.

ERROR to the Circuit Court for *Ozaukee* County.

*Abraham Nelson* applied to the county court for probate of a nuncupative will, alleged to have been made by Lars Nelson. The petition showed that *Neil Clongland* was the father and heir at law of the deceased. On the hearing, the probate was denied. The notice of appeal to the circuit court was directed to the judge of the county court and "all whom it may [might] concern," and stated the following as the reason for the appeal: "The evidence given before said judge upon the hearing for the probate, &c., proved the due execution of said will and testament, and the probate thereof was denied and refused by said judge." The appeal bond was made payable to *Neil Clongland*, and the county judge made an order that the appellant should cause a copy of the notice of appeal and of the reasons therefor to be served "on the adverse parties interested in said matter." The copy was served on *Neil Clongland*, and on *Ole Nelson* who had been appointed special administrator of the estate. In the circuit court a motion was made by *Ole Nelson* to dismiss the appeal, because, 1. It did not appear from the appeal that the party appealing had any interest in the matter. 2. That the notice of appeal was directed to the judge of the county court and to whom it may concern, when it should have been directed to the adverse party, naming him. 3. It did not appear who the adverse party was, and of course did not appear that notice of appeal had been served upon the adverse party. 4. That it did not appear that a

bond was executed to the adverse party.—The court sustained the motion, and dismissed the appeal.

*A. M. Blair*, for plaintiff in error.

*G. W. Foster*, for defendants in error.

January Term, 1862.

NELSON
v.
CLONGLAND et al.

May 15.

*By the Court*, COLE, J. We are not able to understand upon what ground the appeal in this case was dismissed. *Abraham Nelson* is a legatee under the provisions of the nuncupative will mentioned in his petition to the county court. It is likewise stated in that petition who is the heir at law of the deceased, and of course whose interests were adverse to those claiming under the will. If the will was not admitted to probate, the estate, under our statute, descended to the father. The father, then, was the party adversely interested in the estate. He was the obligee in the appeal bond. It was made payable to him, and was for his benefit. What more was necessary? And who was "the adverse party," within the meaning of our statute, unless it were the heir at law to whom the estate descended in the event the nuncupative will were defeated? The appeal bond, then, we think, was sufficient and ran to the right party.

But it is objected that the notice of appeal is defective for not stating the "reasons for such appeal," and for not being directed to the proper party. The reason for the appeal is, in effect, that the evidence given before the county court showed the due execution of the will, probate of which was denied. We cannot well see how a party could be more specific in stating his reasons in such a case. It is nothing more than saying that the county judge decided contrary to the evidence—that the proof showed that a valid will had been made, while the county court decided otherwise, and that no such will had been made. The order of the county court denying the probate of the will does not state in what respect the proof of the execution of the will was deemed defective and insufficient. How then could the appealing party state more distinctly or specifically his reasons for the appeal, under such circumstances, than to say that the proof showed the due and proper execution of the will, probate of which was refused.

January Term,
1862.

Another objection is, that the notice of appeal is not directed to some party in interest, &c. The notice of appeal was filed with the county court, and was directed to the judge of that court and to all whom it might concern. The order, with the notice of appeal, was served upon the heir at law and the special administrator. This, we think, was all that was necessary.

· The order of the circuit court dismissing the appeal must be reversed, and the cause remanded to that court for further proceedings according to law.