SMITH vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

The sureties in an undertaking on appeal to the supreme court must be resident householders or freeholders in this state.

The sureties in such an undertaking in this case not being residents of the state, this court, on motion, ordered the appeal to be dismissed, unless, within twenty days, the appellant should file a new undertaking with sufficient sureties, and pay the costs of the motion, including ten dollars attorney's fee.

State of Wisconsin vs. Joyce.

APPEAL from the Circuit Court for *Rock* County.

*Eldridge & Pease*, for appellant.

*Mat. H. Carpenter*, for respondent.

*By the Court*, DOWNER, J.   A motion is made to dismiss the appeal in this action because the sureties in the undertaking on appeal are not residents of this state: and it is admitted and proved by the record that they reside in the state of Illinois.

It is argued that there is no statute requiring the sureties to reside in this state.   Section 30, ch. 264, Laws of 1860, provides that sureties on appeal, when their sufficiency is excepted to, shall justify before a judge of the court below or county judge as prescribed in sections 19 and 20, ch. 127, R. S.   These sections relate to the justification of bail taken on arrest; and on such justification each of them must state that he is a resident and householder or freeholder within this state, and is worth the amount specified in the order of arrest, exclusive of property exempt from execution.   It is obvious that the qualifications of sureties on appeal are the same as those of bail on arrest, varying only as to the amount in which they must justify.

The motion must be granted, unless the appellant, within twenty days, files a new undertaking with sufficient sureties, and pays the costs of the motion, including ten dollars attorney's fee.