William Thompson and another vs. John Thompson and another.

WILLIAM THOMPSON and another vs. JOHN THOMPSON and another.

*Appeal bond, on appeal from county to circuit court — Jurisdiction — Filing new bond,* nunc pro tunc.

1. Whether, on appeal from a county court to the circuit court, a bond executed only by the several appellants, "each as principal for himself and as surety for his co-appellants," and without any further surety, would be good, is not here decided.
2. Where such bond did not run to the adverse party (as required by secs. 24, 25, ch. 117, R. S.), the circuit court did not acquire jurisdiction.
3. Section 4, ch. 139, R. S., was not applicable to appeals from county courts to circuit courts, and it was repealed by section 34, ch. 264, Laws of 1860.
4. The circuit court could not allow appellants to file an amended bond *nunc pro tunc* under sec. 38, ch. 125, R. S., when that would in effect extend the time within which the appeal might be taken.
5. It seems that the circuit court could not allow an appeal in this case after the time expired, under sec. 29, ch. 117, R. S., because the neglect of appellants to execute a proper bond was a "default on their part."

APPEAL from the Circuit Court for *La Fayette* County.

William Thompson and another vs. John Thompson and another.

This case was brought before the circuit court on appeal from an order of the county court admitting the will of Robert Thompson to probate. Upon cross-motions, the circuit court, on grounds stated in the opinion, refused the contestants, *William* and *James Thompson*, leave to file a new appeal bond as of the day when the first was filed, and dismissed the appeal. From this order the contestants appealed.

*Henry S. Magoon*, for appellants. [No brief on file.]
*P. A. Orton, Jr.*, for respondents.

Cole, J. We are of the opinion that the circuit court never acquired jurisdiction of the appeal. The statute requires a person appealing from an order or judgment of the judge of the county court, to file, within sixty days from the date of the act appealed from, his notice of appeal, together with a bond to the adverse party, in such penalty and with such surety or sureties as the county judge shall approve, conditioned as therein prescribed. Secs. 24 and 25, ch. 117, R. S. This must be done in order to perfect the appeal and remove the cause to the circuit court. The bond in this case did not run to "the adverse party," as the statute required. *Nelson v. Clongland*, 15 Wis. 392; *Tallmadge v. Flint*, 19 id. 621, and *Bowles v. Page*, 20 id. 309. The persons who gave the bond executed it "each as principal for himself and as surety for his co-appellants." It is claimed that there must be at least one surety besides the principal obligors. Whether this is a correct view of the statute, we will not undertake to decide, since the bond is defective for the reason just assigned. See, however, *Bowles v. Page, supra*, and *Bonesteel v. Orvis*, 20 Wis. 646. The circuit court denied the motion for leave to file a new appeal bond *nunc pro tunc*, on the sole ground and for the reason that it had no jurisdiction or authority in law so to do. It is insisted that the court erred in this ruling, and that it was competent for

the court to supply the omission and allow a proper appeal bond to be filed. Section 38, chap. 125, and section 4, chap. 139, R. S., are relied on in support of this position. We think section four is not applicable to appeals from the county to the circuit court, even if it were in force. But it has been repealed by section 34, chap. 264, Laws of 1860. And we also think that the circuit court had not the power, under section 38, chap. 125, to permit the appeal bond to be filed, since the obvious effect of such an amendment would be to extend the time within which an appeal can be taken. Besides, if the broad power of amendment given in section 38 reaches this case, and authorized the court to permit the amendment to be made, then it would seem that section 17, chap. 264, was unnecessary. That section, being a subsequent enactment, was manifestly passed to give the court from which an appeal is taken, power to perfect it when the party has in good faith given the notice of appeal, but, through accident or mistake, has failed to do some other act necessary to perfect the appeal. Either the county or circuit court might supply the omission under section 38, if that section has the wide application sought to be given it. But we think it does not reach this case.

It was not claimed on the argument, by the counsel for the appellants, that the motion for leave to file a new appeal bond was an application under section 29, chap. 117. That section provides that if any person aggrieved by any act of the judge of the county court, shall, from any cause, *without default on his part*, have omitted to claim or prosecute his appeal according to law, the circuit court may, on petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably. It is very doubtful whether the appellants, had they proceeded under this section, as they manifestly did not, could have brought

their case within it. They can hardly be said to be "without default on their part." They surely undertook, but failed, to give a proper bond to perfect the appeal. They neglected to take the necessary steps to secure the benefit of an appeal. But, as already stated, it was not insisted that the application to the circuit court was one made under this provision. And as that court never acquired jurisdiction of the appeal, its action in the matter must be affirmed.

*By the Court.* — The order of the circuit court is affirmed.