GRANT VS. THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY. (Motion.)

APPEAL TO SUPREME COURT: *When appeal perfected — Power of circuit and supreme courts in case of defective undertaking — Waiver of right to object to undertaking.*

1. Since ch. 264, Laws of 1860 (sec. 29), where an undertaking on appeal is defective (the notice of appeal having been given in good faith), it may be amended, or a new one substituted, by motion in this court or the court below.

2. The notice of appeal and original undertaking, in due form, having been duly filed and served, and the record returned to this court, the

Grant vs. The Connecticut Mutual Fire Insurance Company.

appeal is perfected, and the cause may be noticed for argument by either party, although exceptions have been taken in the court below to the sureties in the undertaking, and the amended or new undertaking, approved by that court, has not yet been filed here.

3. If the sureties fail to justify, or a new undertaking with sufficient sureties is refused, this court may dismiss the appeal, or at its discretion grant further indulgence to the appellant.

4. The fact that respondent excepts to the sureties in the court below is not a waiver of his right to notice the cause for argument here; but perhaps such notice would be a waiver of any right *thereafter* to take such exception or compel the sureties to justify.

APPEAL from the County Court of *Milwaukee* County.

This court having ordered a continuance of this cause until the next term, on appellant's motion, the respondent now moves to vacate that order.

*Carys & Cottrill,* for the motion.

*Waldo & Van Valkenburg, contra.*

DIXON, C. J.   This cause was continued until the next term upon affidavit and motion made *ex parte* by counsel for the appellant, the insurance company, on the ground that the appeal was not perfected and return made to this court eight days before the commencement of the present term, so that the cause was not properly noticed for argument at this term, and was irregularly placed by the clerk upon the calendar.   The affidavit seeming to establish this ground for continuance, and it being believed that there could be no mistake or dispute about the facts, the motion was granted, with leave, however, for the plaintiff to move to vacate the order, if that should be thought advisable or proper.   The plaintiff now moves for that purpose, and for leave to submit the cause at this term, and that the appellant be required to do so, or that the appeal be dismissed.

Examination now shows that there was a mistake in the affidavit upon which the continuance was ordered, or a statement in it which led the court into a mistake respecting the facts. It was supposed, from a statement contained in the affidavit,

that no return had been made to this court eight days before the commencement of the term when the cause was noticed for argument here by the plaintiff, who is the respondent in the appeal. In this we were in error. The return was made, and the papers filed with the clerk of this court, on the 25th day of May, eleven days before the commencement of the term, and three days before notice of argument was served by the plaintiff, as prescribed by the rules of this court, which require eight days' notice. The facts touching the appeal are briefly these. Notice of appeal and copy of undertaking in due form were served upon the plaintiff's attorneys on the 5th day of May, and on the 6th, the original undertaking, with the notice, were filed with the clerk of the court below, as required by law. Laws of 1860, ch. 264, sec. 29. Within ten days thereafter, the respondent excepted to the sufficiency of the sureties in the undertaking, in the manner prescribed by section 30 of the same act; and such proceedings were thereupon had, that a new undertaking was made, and the sureties therein were examined, and their responsibility was justified before the judge of the court on the 27th of May. The certificate of approval and of the sufficiency of the sureties was indorsed upon the undertaking and signed by the judge on the 27th, but the undertaking was not filed with the clerk of that court until the 30th of May. It was transmitted to and filed with the clerk of this court on the 6th of June.

Upon this state of facts the only question arising is, whether the cause was in this court by appeal on the 28th of May, when it was noticed for trial by the respondent, and so that it could be properly noticed. We are of opinion that it was, and that the notice was regular, and the cause properly entered on the calendar. The original undertaking which, as we have said, was in due form, was undoubtedly sufficient to authorize the return made by the clerk of the court below, and to invest this court with full jurisdiction. It has been frequently held by this court since the passage of the act above referred to, when the undertaking

given on appeal is defective or not in accordance with law, that the appellant may apply here, and that this court possesses the power of amendment, and may direct or allow a new or sufficient undertaking to be executed. Section 17 of the act confers this power upon the court below whenever a party shall in good faith have given notice of appeal, and the same power, it has been held, is possessed by this court. The notice of appeal, therefore, given in good faith, will confer jurisdiction upon this court, so that all other omissions or mistakes may be supplied by the power of amendment.

But this cause was regularly here without resort to this power. The undertaking was regular in form, and *prima facie* sufficient. The appeal could not have been dismissed, at all events not until after the sureties had failed to justify, or until a new undertaking with sufficient sureties had been refused. And in that case this court might, in its discretion and under proper circumstances, have granted further indulgence to the appellant. The cause was here, therefore, so as to be properly noticed for argument by the respondent; and the real question would seem to be whether she had waived the right to do so by having excepted to the sufficiency of the sureties in the court below. The statute gave her that right, and we do not think her having exercised it can constitute such waiver. She might expedite the hearing here, and at the same time except to the sufficiency of the sureties in the court below; unless, indeed, the case had been such that her proceedings here would be held a waiver of any objection to the sufficiency of the undertaking or of the sureties there. If she had attempted to except to the sufficiency of the sureties there, or to compel them to justify, after having noticed the cause for argument here, the notice might well, perhaps, have been held a waiver of the exceptions, or of the right to except; but as it is, we think there was no waiver.

The order continuing the cause must be vacated, and the cause submitted to this court upon cases and briefs, to be filed

and furnished within sixty days from the date of this order, or otherwise the appeal will be dismissed.

*By the Court.*—Ordered accordingly.

COLE, J., being a policy holder in the defendant company, did not sit in this case.

---

## TAYLOR VS. ROUNTREE.

*Redemption from tax sale.—Action to remove cloud, under sec.* 29, *ch.* 141, *R. S.*

1. Payment of redemption money to one who was in fact acting as deputy clerk of the county board of supervisors, although not legally appointed such, *held* a valid redemption from a tax sale.
2. One who had redeemed land from a tax sale after the tax deed was recorded, *held* entitled to maintain an action to remove the cloud upon his title created by such deed, although the land was unfenced and unoccupied, and he had only performed slight acts of ownership at distant intervals by selling grass cut thereon.
3. *Grimmer vs. Sumner* (21 Wis. 179), so far as it seems to hold that one must be in the actual, open and notorious occupation and possession of land in order to maintain such action, is overruled.*

APPEAL from the Circuit Court for *La Fayette* County.

Action, under sec. 29, ch. 141, R. S., to remove a cloud upon plaintiff's alleged title to certain lands, which cloud was created by defendant's claim of title under a tax deed executed and recorded in 1857, based upon a sale in 1854, for taxes of 1853, and a second deed executed and recorded in 1859, based upon a sale made in 1855, for taxes of 1854. The court directed a jury to be empaneled to determine the following questions, which will sufficiently show the issues raised by the pleadings: 1. Whether plaintiff was under twenty-one years of age when defendant's tax deeds were executed, and was then the owner

---

*But see the note at the end of this case.