BRANGER vs. BUTTRICK and others.

*Practice—Undertaking on Appeal—Costs.*

1. Sec. 17, ch. 264, laws of 1860 (2 Tay. Sts. 1640, s. 23)—by which the court from which an appeal is taken (or a judge thereof in vacation) may permit an amendment of the proceedings on appeal, so as to supply an act (omitted by accident or mistake) that is necessary to make the appeal effectual—is merely a cumulative remedy, and does not deprive *this* court of its previous power to allow such amendments.
2. Where the undertaking on appeal is defective (as where one of the sureties therein is a practicing attorney in one of the circuit courts of this state) this court allows a new undertaking to be filed, on motion.
3. Respondent's motion previously made to dismiss the appeal for such defect in the undertaking is denied without costs, except that appellant is required to pay the costs of the clerk of this court; and the motion for leave to file the new undertaking is granted, with $10 costs to respondent's attorney, and the clerk's fees on the motion.

APPEAL from the Circuit Court for *Iowa* County.

Motion to dismiss the appeal. The facts appear in the opinion.

*Moses M. Strong*, for the motion.

*Edward J. Hill, contra.*

DIXON, C. J.   The motion of the plaintiff to dismiss the appeal of the defendants for the reason that one of the sureties named in the undertaking is a practising attorney in one of the circuit courts of this state, as shown by affidavit annexed to the motion, must have prevailed but for the counter application of the defendants for leave to file a new and sufficient undertaking in this court, which undertaking, duly executed, the defendants now present for that purpose.   The practice of allowing such amendments, or of permitting new undertakings to be so filed, has prevailed in this court ever since chapter 264, Laws of 1860, was passed; or ever since a point of time soon after its passage, when the first application for that purpose was made.   It was then considered that section seventeen of that chapter (2 Tay. Sts., 1640, § 23) was cumulative, providing an additional remedy merely, and was not intended to deprive this court of such power to allow amendments which had theretofore been exercised, and the cases in which the same have been allowed since that time have been very numerous, occurring at almost every term of this court, and often several times during the same term.   None, or no more than one or two such cases have been reported.   *Smith v. Chicago & Northwestern Railway Co.*, 19 Wis., 89, is one such reported case, and it is possible there may be another, but the practice has or ought to have been generally well understood by counsel engaged in the trial of causes in this court.

The motion to dismiss the appeal must be denied, but without costs, except to the clerk, which must be paid by the appellants; and that for leave to file the new undertaking be granted upon the usual terms, that is, upon payment of $10 costs of motion, to the attorney for the respondent, and the clerk's fees on the motion.

*By the Court.*— So ordered.