## No. 9336.

### The State ex rel., Louis Rayssiguier vs. F. A. Monroe, Judge of Civil District Court of Orleans.

A deposit of money in court, equal in amount to the sum prescribed for a suspensive appeal-bond, stands in lieu of the bond.

But such deposit must be made within the time that a suspensive appeal-bond is permitted to be given. If made or tendered after that time has expired, the deposit is not receivable.

Although the judge did not fix the amount of the bond until the tenth day, no complaint was made of want of time to comply with the order, but a bond was given and when it proved worthless the fault was with the appellant.

APPLICATION for Mandamus.

*Jos. Maille* for the Relator.

Respondent *in propria persona.*

The opinion of the Court was delivered by

Manning, J. The relator applies for a mandamus, to compel the respondent judge to accept a deposit in court of cash in amount equal to the suspensive appeal bond prescribed by the judge,

The suit was the relator against his wife for separation from bed and board in which the wife had judgment for the separation and also for alimony, and a suspensive appeal having been prayed by the husband the judge fixed the bond at one hundred dollars. It was given.

It seems two judgments were signed—one for the separation, the other for the alimony—and on the tenth day the judge's attention was called to the fact that the relator's motion of appeal seemingly applied to both judgments. As the judge conceived a bond for $100 insufficient, he directed that the relator should give another bond for $600 for a suspensive appeal from the judgment for alimony. It was also given with the same surety.

A rule was then taken to test the solvency and sufficiency of the surety and he was found to be worth nothing, whereupon the relator offered to deposit $700 in lieu of the two bonds, on the authority of Lanata v. Bayhi, 31 Ann. 229, the judge permitted the deposit of $100 in lieu of the bond in the judgment for separation as the delay (thirty days) had not expired, but refused to permit the deposit of $600 in lieu of the bond of appeal from the judgment for alimony because the delay for a suspensive appeal (ten days) had expired.

The surety tendered by the appellant was at his peril. It is his affair to know beyond peradventure that his surety is good. It is his duty to be assured of that fact and it is his interest likewise, for having given a bond with surety on time to save his suspensive appeal, he takes the risk of losing it if his surety prove worthless and the time has expired, and as the deposit is a substitute for the bond, it cannot be accepted when the time for giving the bond has expired.

This is not a case where complaint is made of want of time to give a bond occasioned by delay or procrastination of the judge in prescribing its amount. It is true the judge did not prescribe the amount of the bond until the tenth day, but the relator so far from complaining of surprise or lack of sufficient time to give a bond, gave it instantly, and it was his fault that it proved worthless.

The writ is refused.