# CASES DETERMINED

## August Term, 1887.

ULRICH, Respondent, vs. THE FARRINGTON MANUFACTURING COMPANY, Appellant.

*August 30 — September 20, 1887.*

*Appeal bond: Sureties must be residents and householders.*

Each of the sureties in an undertaking on appeal to the supreme court must possess the qualifications of bail in civil actions, required by sec. 3065, R. S., that is, he must be a resident and a householder within this state.

APPEAL from the Circuit Court for *Waukesha* County. The case sufficiently appears in the opinion.

*W. H. Austin,* for the motion.

*D. H. Johnson, contra.*

The following opinion was filed September 20, 1887:

BY THE COURT. One of the two sureties in the undertaking on the appeal herein is neither a householder nor freeholder within this state. For this reason the respondent moved to dismiss the appeal. The undertaking was given pursuant to R. S. sec. 3065, and the fact above stated was disclosed by the attempted justification of the sureties after due exception had been taken by the respondent to their sufficiency. Sec. 3065 provides that, in such cases,

sureties shall justify in the manner prescribed in secs. 2704–2706, which relate to the justification of bail for the release of persons in custody under orders of arrest in civil actions. Sec. 2704 prescribes one qualification of bail as follows: "Each of them must be a resident and householder or free-holder within the state." Does sec. 3065 require the same qualifications for sureties in undertakings on appeal? We think it does. Such sureties must justify *in the manner* as bail must justify. That is to say, they must show the same qualifications as required of bail under secs. 2704–2706. Unless it is so held, there is no statute prescribing the qualifications of sureties on appeal. The legislature could not have intended to leave so important a matter unprovided for.

The present statute (sec. 3065) is substantially like the statute on the same subject in force before the late revision. Tay. Stats. 1871, p. 1643, sec. 36. The only difference between them is that for the word "as," in the former statute, the words "in the manner" are employed in sec. 3065. This change does not alter the meaning of the statute, for "as" and "in the manner," as used in the two statutes, are synonymous. The construction we now give the present statute was given to the former statute in *Smith v. C. & N. W. R. Co.* 19 Wis. 89.

We hold that the qualifications of bail, under secs. 2704–2706, and of sureties, under sec. 3065, are the same.

The motion to dismiss the appeal will be granted, unless, within thirty days, the appellant pay the respondent $10, and perfect his undertaking on appeal by furnishing an additional surety therein, qualified as above indicated.

The appellant having failed to comply with the terms of the above order, the appeal was dismissed December 13, 1887.