DRINKWINE, Respondent, vs. THE CITY OF EAU CLAIRE, Appellant.

*October 28 — November 15, 1892.*

*Appeal from city council: Bond.*

1. Under a city charter providing that the bond upon an appeal from the common council should be conditioned for the payment of "all costs that shall be adjudged against the appellant by the court," a bond reciting an appeal to the circuit court for E. county, and conditioned for the payment of all costs adjudged against the appellant "by the court aforesaid," was insufficient, and the circuit court acquired no jurisdiction.   The sureties in such bond would not be liable for costs adjudged in the circuit court for another county to which the venue might be changed.
2. After the time for perfecting such an appeal has expired, a defect in the appeal bond cannot be cured by amendment or by filing a new bond *nunc pro tunc.*

APPEAL from the Circuit Court for *Eau Claire* County. The facts are stated in the opinion.

*L. A. Doolittle,* for the appellant.

For the respondent there was a brief by *Ellis & Allen,* and oral argument by *C. L. Allen.*

PINNEY, J.   The respondent, *Drinkwine,* presented to the common council of the city of *Eau Claire* a claim for allowance for damages to his person and property caused by an insufficient and defective street of the city while he was

traveling over it, and, his claim having been disallowed, he appealed to the circuit court of Eau Claire county, under sec. 25, ch. 7, of the charter of *Eau Claire* (Laws of 1889, ch. 184), which requires that the appeal shall be perfected within twenty days after the action of the council disallowing the claim, "by causing a written notice of such appeal to be served on the clerk of said city, and executing a bond to the city with a sufficient surety, to be approved by the clerk or a court commissioner of Eau Claire county, conditioned for the faithful prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant by the court." The city moved the circuit court to dismiss the appeal for the reason, among others, that the bond given is not conditioned as prescribed by the foregoing provision of the charter; the bond reciting that *Drinkwine* had appealed "to the circuit court for Eau Claire county," and being conditioned for the payment of all costs that should be adjudged against him *by the court aforesaid*, and not generally by *the court*, as prescribed by the statute. It is said that the bond does not afford the city the indemnity required by the statute, and that, should a change of venue or place of trial be awarded, the surety would not be liable for the costs adjudged against the appellant, *Drinkwine*, by the circuit court of the county to which the venue or place of trial in such event had been changed. The circuit court made an order denying the motion, and the city appealed.

1. It has been settled in a great number of cases, and is well understood, that if the appellant fails to comply substantially with the requirements of the statute in respect to perfecting such and similar appeals to the circuit court, the circuit court does not acquire jurisdiction of the person of the opposite party or of the subject matter, and is without power to take any proceeding in the action, and that it is its duty to dismiss the appeal. *Pelton v. Blooming*

*Grove*, 3 Wis. 310, and cases cited in note; *Varney v. Carswell*, 3 Wis. 744; *Thompson v. Thompson*, 24 Wis. 517. These cases show that the defect cannot be cured by amendment or by filing a new bond *nunc pro tunc*, if, as in this case, the time for perfecting the appeal has expired. There is a contrary intimation in *Eaton v. Manitowoc Co.* 40 Wis. 668, 673, but the point was not material to the decision of that case, and we are satisfied that it was not correct.

2. The liability of a surety is *strictissimi juris*, and cannot be extended by implication. He has a right to stand on the exact words of his contract. " The bond speaks for itself, and the law is that it shall so speak, and that the liability of sureties is limited by *the exact letter* of the bond, and, if the words will not make them liable, nothing can." There is no construction, no equity against sureties. *Dobbin v. Bradley*, 17 Wend. 422; *State v. Medary*, 17 Ohio, 565; *Myres v. Parker*, 6 Ohio St. 504; *Supervisors v. Bates*, 17 N. Y. 242. In *Sharp v. Bedell*, 10 Ill. 88, where the statute contained a requirement, the same as the charter of *Eau Claire*, that bonds on appeal should be conditioned for the payment of the judgment rendered by the court, it was held that the sureties on a bond for an appeal from the judgment of a justice of the peace, conditioned for the payment of such judgment as might be rendered by the circuit court of Hancock county, the court to which the appeal was taken, were not liable to pay a judgment rendered by the circuit court of McDonough county, to which court the case had been transferred on a change of venue. This case is clearly in point, and cannot be distinguished from the present. The deviation from the statutory requirement is one of substance. The surety may have been quite willing to enter into the engagement to pay the costs, if the appellant should be defeated on a trial in Eau Claire county, in the city where the alleged cause of action arose, and quite unwilling to undertake for the payment of the costs, in like

event, of a trial in a distant county, greatly increased by the travel of witnesses and the costs of subpœnaing them. A similar ruling in *Myres v. Parker*, 6 Ohio St. 502–504, sustains the conclusion at which we have arrived, that the bond under consideration is not a substantial compliance with the statute. The circuit court did not acquire jurisdiction of the appeal for the reason stated, and the appeal should have been dismissed.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to dismiss the appeal.