## BURGER v. SINCLAIR.

(140 N. W. 235.)

**Appeal — undertaking for costs — dismissal.**

1. An undertaking for the payment of costs on appeal to the supreme court which is not conditioned as prescribed by § 7208, Rev. Codes 1905, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, is defective, and unless such defect is cured the appeal will be dismissed.

**Justification of sureties — appeal bond.**

2. Such undertaking is also defective where the affidavit of justification of the sureties fails to state that such sureties are worth the sum stated therein, over and above their debts and liabilities, "in property within this state not by law exempt from execution," as prescribed in § 7221, Rev. Codes.

**Notice of appeal — good faith — correcting bond.**

3. Where it appears that notice of appeal was given in good faith, and that such defects in the undertaking on appeal were occasioned through mistake or accident, the appellant will be given leave to supply such defects pursuant to the provisions of § 7224, Rev. Codes, even though the time for appealing has expired.

**Abstracts and briefs — failure to file timely — dismissal — motion.**

4. A failure to file abstracts and briefs in this court at least twenty-five days prior to the next regular term thereof constitutes ground for dismissal of the appeal within the sound discretion of the court; but where it appears, as in the case at bar, that the appellant has proceeded in good faith, and with due diligence, and has shown facts excusing such default, a motion to dismiss will be denied.

**Supreme court — power.**

5. An appellant who intentionally omits to give an undertaking to stay proceedings during an appeal from a judgment for money only cannot be afforded relief under the provisions of § 7224, Rev. Codes; and an order made by a member of this court permitting the filing of an undertaking is held to have been improvidently made, and the respondent is entitled to have the same vacated.

**Appeal — supersedeas.**

6. In the light of the plain provisions of our appeal statute providing for and regulating the giving of undertakings to stay proceedings on appeal, *held* that this court does not possess any inherent power to grant a supersedeas under the facts disclosed in the case at bar.

Opinion filed November 20, 1912.   Rehearing denied January 7, 1913.

Motions by respondent to dismiss the appeal and also to vacate an order made by a judge of this court permitting a supersedeas undertaking on appeal to be given.

The first motion is denied on condition, and the second motion is granted.

*Carr & Kneeland* and *S. E. Ellsworth,* of Jamestown, North Dakota, for respondent.

*Knauf & Knauf,* of Jamestown, North Dakota, for appellant.

Fisk, J.   Respondent moves to dismiss the appeal herein upon the grounds:

1st.   That the undertaking for costs which was served and filed with

the notice of appeal on March 27th last is not conditioned, as provided by statute, for the payment by appellant of all costs and damages which may be awarded against him on the appeal, not exceeding $250.

2d. That such alleged undertaking does not contain a justification of the sureties to the effect that they were worth the certain sum mentioned in their affidavit of justification over and above their debts and liabilities "in property within this state not by law exempt from execution;" and

3d. That appellant has failed to file abstracts and briefs on such appeal at least twenty-five days prior to the October term of this court pursuant to statute and rule xxii. of this court.

Notice of such motion was not served on appellant's counsel until September 23d, and the motion was noticed for the first day of the present October term.

The undertaking is concededly defective as to the justification of the sureties, and we think is also defective in the particular pointed out in the first ground of respondent's motion. Appellant, however, makes a counter motion for leave to amend or supply a new undertaking. This is resisted by respondent, his contention, in brief, being that such undertaking was and is ineffectual to confer any jurisdiction on this court over such appeal; and that the time for appeal having expired, this court is powerless to grant appellant any relief under § 7224, Rev. Codes. Respondent relies upon the cases of Aldrich v. Public Opinion Pub. Co. 27 S. D. 589, 132 N. W. 278; Drinkwine v. Eau Claire, 83 Wis. 428, 53 N. W. 673; State ex rel. Rayssiguier v. Monroe, 37 La. Ann. 113; and Thompson v. Thompson, 24 Wis. 515.

To the extent that the South Dakota court in the Aldrich Case holds that no jurisdiction is conferred by the attempted appeal, sufficient to enable the supreme court to permit an amendment of, or the giving of a new undertaking in lieu of the defective one, we think the decision is both unsound and contrary to the great weight of authority under statutes substantially like that in South Dakota. It is held in effect by the majority opinion that the jurisdiction to permit such amendments or the giving of new bonds is derived from the statute conferring the power of amendments, and not from the attempted appeal; the line of reasoning being that because § 445 of the South Dakota Code

provides that "to render an appeal effectual ·for any purpose an undertaking must be executed on the part of the appellant," etc., a failure to comply therewith confers no jurisdiction, even for the purpose of permitting an amendment under § 461 of their Code. Among other things, it is there said: "If it [the legislature] had assumed that jurisdiction was acquired by the giving of notice of appeal, it would follow as a necessary consequence that, after the giving of such notice, the circuit court would cease to have jurisdiction of the case, and it is inconceivable to suppose that the legislature would confer upon the circuit court or judge power to relieve parties from default in cases over which they had lost jurisdiction and jurisdiction had vested in the appellate court, and by the same section, confer the same power upon the supreme court by virtue of its jurisdiction of the cause upon appeal." The fallacy of such reasoning is apparent, for it is elementary that after an appeal is taken and perfected the lower court retains jurisdiction to take any step necessary in furtherance of the appeal; and were this not so, it is perfectly clear that the legislature would have the power, by express statute, to confer such jurisdiction. Jurisdiction to hear and determine the cause by the appellate court is one thing, while jurisdiction sufficient to enable the appellate court to permit amendments or the necessary acts to be done in order to complete its jurisdiction over the cause on appeal, is quite another thing, and such distinction is clearly made by the supreme court of Wisconsin in construing the statute from which both the statutes of South and North Dakota were borrowed. In Harrigan v. Gilchrist, 121 Wis. 127, 99 N. W. 909, it was said on page 212 of the opinion:

"Next it is contended on the part of respondents' counsel that, though the notice of appeal was served as required by § 3049, and the record transmitted to this court, no jurisdiction was obtained here for any purpose whatever; and that the defect is not remediable. On the other hand, appellants' counsel just as confidently contend that the failure to execute the bonds required, or to serve the same as the statute provides, does not militate against jurisdiction having been conferred here for some purposes, citing in support of that, Helden v. Helden, 9 Wis. 557; Russel v. Bartlett, 9 Wis. 556; Smith v. Chicago & N. W. R. Co. 19 Wis. 89; White v. Polleys, 20 Wis. 503, 91 Am. Dec. 432; Grant v. Connecticut Mut. L. Ins. Co. 28 Wis. 387; Branger v. Butt-

rick, 30 Wis. 153; Ulrich v. Farrington Mfg. Co. 69 Wis. 213, 34 N. W. 89. The effect of those cases is that the mere taking of an appeal by the service of a proper notice and sending the record here does not give the court such jurisdiction as to enable it to hear the cause, but does give it the necessary jurisdiction to enable it to permit the appeal to be perfected by the service of a proper bond, or cure any other defect in the proceedings within the period limited by statute for appealing; and that, if the proper undertaking is executed and filed, but not properly served, the court acquires such jurisdiction as to enable it to hear and decide the cause, the adverse party not seasonably objecting, failure in that regard being deemed a waiver of such service or an estoppel as regards suggesting such failure with effect. In that the court, as will be seen, gave force to the statute in all substantial essentials. Section 3052 says that, 'to render an appeal effectual for any purpose, an undertaking must be executed,' etc. That suggests at once that an appeal may have an existence before the execution of the undertaking, though not for all purposes. The term 'any purpose' clearly includes the duty of the clerk below to certify up the record and proceedings here as regards a hearing of the cause. The clerk has no right to act in the matter till he can accompany the papers with some semblance, at least, of a proper undertaking under § 3052. That is the effect of § 3050. That the former section means as indicated must be the case to render it harmonious with § 3049, to the effect that any appeal will be deemed 'taken by the service of the notice of appeal and perfected on the service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as hereinafter prescribed.' The waiver mentioned is required to be in writing. § 3051. Consistent with the meaning we attribute to §§ 3049, 3050, and 3052, we have § 3068, providing that: 'When a party shall, in good faith, give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal, or make it effectual, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the supreme court, or one of the justices thereof, may permit an amendment or the proper act to be done, on such terms as may be just.' So, as said in Grant v. Connecticut Mut. L. Ins. Co. 28 Wis. 387, when a notice of appeal is duly served in good faith, jurisdiction is at once conferred upon this court as well as the trial court for some purpose,

*i. e.,* that of permitting the appeal to be perfected so that it can be heard."

Again, in Oconto Land Co. v. Mosling, 122 Wis. 440, 100 N. W. 824, it was said: "It is conceded, as the fact is, that the notice of appeal was properly served pursuant to § 3049, Stat. 1898; that, by the express words of such section, constituted the taking of an appeal, and conferred jurisdiction here, sufficient to enable this court to permit such mistakes to be corrected as may be necessary to put it in that full possession of the cause requisite to a hearing and determination thereof, though § 3052 provides that, to render an appeal 'effective for any purpose' an undertaking must be executed as therein required. This subject was so recently discussed, all previous adjudications being referred to, in Harrigan v. Gilchrist, 121 Wis. 127, 99 N. W. 909, that it seems we ought not now to do more than to refer thereto in deciding the matter. As therein indicated, the power of the court is ample, and has often been exercised, to allow an appeal to be perfected in circumstances the same or similar to those characterizing this one."

The Oregon court, under a very similar appeal statute, also held in the case of Dowell v. Bolt, 45 Or. 89, 75 Pac. 714, as follows: "It is . . . the serving and filing of a notice of appeal within the time and according to the manner prescribed, that confers jurisdiction on the appellate court, and constitutes the taking of an appeal, the strict performance of which cannot be waived by the parties nor excused by the court. The giving of an undertaking, however, is one of the steps required to perfect an appeal; and, under the liberal provisions of the statute quoted, the appellate court may permit the performance of such act when it appears that the notice of appeal has been given in good faith, and that the failure to comply with the requirements of the statute is occasioned by mistake." See also Nottingham v. McKendrick, 38 Or. 495, 57 Pac. 195.

The cases of Drinkwine v. Eau Claire, 83 Wis. 428, 53 N. W. 673, and Thompson v. Thompson, 24 Wis. 515, also cited and relied on by respondent's counsel, are not in point. The first one involved an appeal from the action of the city council to the superior court; and the latter involved an appeal from the county court to the superior court; and the statute of Wisconsin, similar to § 7224 of our Code permitting amendments of appeals to the supreme court, had no application, nor

does the case of State ex rel. Rayssiguier v. Monroe, 37 La. Ann. 113, appear to have been based upon an appeal statute similar to that in this state.

We are clearly of the opinion that where the appellant has, in good faith, served notice of appeal within the time and in the manner provided by the Code, and has, through mistake or accident, omitted to do any other act .necessary to perfect the appeal or to stay proceedings, this court or any one of the justices thereof is given jurisdiction by virtue of such appeal to permit an amendment of the property act to be done on such terms as may be just.

Are we restricted in granting such relief to a period prior to the expiration of the time given in which appellant might appeal? Section 7224 is very broad in its language, and does not in any manner thus restrict the courts; but the Wisconsin court in several cases has held that where no cost bond is given within the time, the appeal must be dismissed. We will briefly review some of such cases.

In Ady v. Barnett, 142 Wis. 18, 124 N. W. 1061, the undertaking was defective for failure of the surety to justify as the statute requires, and the court held it proper to allow appellant to remedy such defect, even after the time had expired within which to take the appeal. The Wisconsin statute (§ 3052, Stat. 1898) is the same as § 7208, Rev. Codes of North Dakota, and provides: "To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding $250," and § 3065 of the Wisconsin statute is the same as § 7221, Rev. Codes of North Dakota, providing that such undertaking shall be of no effect unless the sureties justify in a manner provided therein.

The above decision was followed in the recent case of Kuehn v. Nero, 145 Wis. 256, 130 N. W. 56.

In Munk v. Anderson, 94 Wis. 27, 68 N. W. 407, the appeal was dismissed because the undertaking for costs was not served within the two years allowed for appeal. It does not appear that such failure to serve it in time was due to mistake or accident, nor was there any application made for relief under the section authorizing amendments.

In Tyson v. Tyson, 94 Wis. 225, 68 N. W. 1015, no undertaking

for costs necessary to perfect the appeal was given, and a motion was made to dismiss the appeal. The appellant sought relief under the section permitting amendments, but such relief was denied solely on the ground that the omission to serve the undertaking was not through mistake or accident. Hence relief under such statute could not be granted.

Haessly v. Secor, 135 Wis. 548, 116 N. W. 175, is similar to Munk v. Anderson, supra, no undertaking having been given within the thirty days' time allowed for appealing. No showing of mistake or accident was made, but appellant's contention was that, having served the notice of appeal within the time prescribed by statute, the appeal was taken, and that he had a right to give the undertaking after such time had expired, basing his contention on the case of Oconto Land Co. v. Mosling, 122 Wis. 440, 100 N. W. 824; but such case was distinguished, appellant's contention overruled, and the appeal dismissed. It seems, therefore, to be the settled rule in Wisconsin that an undertaking for costs which is defective because of no justification of the sureties may be remedied after the time for appeal has expired. Under such rule, the soundness of which is, we think, beyond doubt, appellant, in the case at bar, should be given permission to supply the defect in the justification of the sureties. We think, also, that the other defect is not so serious as to bring it without such rule. The condition of the undertaking, instead of complying strictly with the statute (§ 7208), is "that the appellant will pay all costs and damages herein, and hereby if the judgment and order denying the motion for a new trial be affirmed herein, and any and all costs and damages, if any there be, awarded the plaintiff . . . in case the order . . . and the judgment herein entered shall be affirmed . . ." Such instrument cannot be treated as a nullity or as if no undertaking had been given. While it does not provide by its terms for the payment of all costs and damages which may be awarded on the appeal, and consequently, as argued by respondent, it does not cover a contingency which might happen by a dismissal of the appeal as distinguished from an affirmance of the judgment and order appealed from, we hold that such defect may be supplied by the filing of a new undertaking under the provisions of § 7224.

Under the facts before us there can be no question as to appellant's good faith in giving notice of the appeal.

This conclusion renders it unnecessary to construe § 7224 further than as above construed, and we shall not do so, although the writer of this opinion, speaking for himself alone, is inclined to the belief that said statute, being remedial in its nature, should receive a very liberal construction; it being the evident aim and purpose of the legislature by its enactment to confer upon the courts the power to permit appellants who have, in good faith, given notice of appeal, but through mistake or accident have omitted to do, in the language of the statute, any other act necessary to perfect the appeal, to make it effectual or to stay proceedings, to supply such defects at any time, even though the time for appealing has expired. That the legislature had the power to authorize such amendments cannot be doubted. The statute does not restrict the allowance of such amendments to a time prior to the expiration of the 'ime given for appeal, and for the courts to thus restrict its language is a thwarting of the legislative will. I see no good reason why omissions caused through mistake or accident should not be supplied after, as well as before the time for appeal has expired. Nor do I see any good reason why such relief should be restricted to cases where a slight omission has occurred, and not extended to all omissions as the statute reads. Such a narrow construction operates in effect to aid those who really need no aid, for if the time for appeal has not expired the appellant may always proceed over again by the service of a new notice and undertaking on appeal, and this, whether in the first instance he acted in good faith in giving notice of appeal, or not.

The third ground of appellant's motion requires but brief notice. Respondent's counsel do not lay much stress upon this feature of the motion, but concede that the dismissal on such ground rests within the sound discretion of the court. We are convinced of the utmost good faith of appellant in taking the appeal, and we think the slight delay is .fully excused. It follows that respondent's motion to dismiss the appeal should be denied, on condition, however, that appellant, within twenty days, file with the clerk of this court an undertaking for costs in compliance with the statute, with sureties to be approved by the clerk of the district court, and upon the further condition that appellant pay to the respondent's counsel within such time the sum of $25, costs of

the motion. Unless these conditions are complied with within the time aforesaid, the appeal will be dismissed.

This brings us to the consideration of another motion made by respondent's counsel, and argued and submitted with their prior motion. It is in the form of an order requiring appellant to show cause why a certain order made by one of the members of this court on July 19, 1912, permitting a supersedeas undertaking to be served and filed, should not be vacated and the application of appellant for a supersedeas be denied. We think respondent's motion should prevail. The record discloses that the judgment appealed from is for money only, and it was entered on June 29, 1911. Notice of appeal and the undertaking for costs involved in the first motion were served on March 27, 1912, but no undertaking for stay of execution was served or filed, nor was any attempt made to serve or file such an undertaking, it affirmatively appearing that there was no intention on appellant's part so to do. Hence, it cannot be said that the failure to serve and file the same was caused either by mistake or accident. It follows that relief under § 7224, Rev. Codes, cannot be granted, as the case does not come within the provisions of such section. Tyson v. Tyson, 94 Wis. 225, 68 N. W. 1015. The order made on July 19th, and which we are now asked to vacate, was therefore improvidently issued, and the same must be vacated as prayed for by respondent. In the light of the plain provisions of our appeal statute providing for and regulating the giving of undertakings to stay proceedings during an appeal, appellant's contention that this court is clothed with inherent power to grant such stay of proceedings under the facts here presented is, we think, untenable.

The order aforesaid is vacated, with $25 costs of motion allowed to respondent.

Goss, J., not participating.


SPALDING, Ch. J. (concurring specially). While it is not perfectly clear to me that the first part of this decision does not come dangerously near being judicial legislation, and while I concur therein with great reluctance for that reason, yet I do concur, because by doing so the ends of justice will be more nearly subserved, and the legislative assembly can readily apply the remedy should it feel that the court has, by construction, extended the period allowed by statute for taking and

perfecting appeals to this court. I can readily see how § 7224, Rev. Codes 1905, to which reference is made, may admit of an appeal being perfected by the substitution or amendment of an undertaking, if applied for within the period allowed for appeal. This is the holding of the supreme court of South Dakota in Aldrich v. Public Opinion Pub. Co. 27 S. D. 589, 132 N. W. 278; and if my judgment was infallible, and stood alone, I should say that this court would be justified in following that decision. I, however, yield to the combined opinion of my associates, for the reasons stated, and concur therewith.

On the second motion I also concur.