BROOKFIELD, Respondent, v. McCLENAHAN, et al, Appellants.

(234 N. W. 19.)

(File No. 7161. Opinion filed December 31, 1930.)

*Roscoe Satterlee,* of Mitchell, for Appellants.
*T. R. Johnson,* of Sioux Falls, for Respondent.

CAMPBELL, J. Respondent above named instituted this action in circuit court apparently to rescind a certain transaction of purchase and sale, and recovered judgment against defendants, from which the defendants McClenahan and Lyman have appealed. No briefs have yet been file din this court by appellants. On December 18, 1930, appellant Lyman filed in this court his motion requesting this court to fix the terms and conditions of a supersedeas bond and authorize the filing thereof and stay further proceedings on the judgment below. So far as appellant Lyman is concerned, the judgment below, according to the copy furnished us by said appellant, merely provides that plaintiff-respondent have and recover of appellant Lyman the possession of a certain welding machine, or in case delivery thereof cannot be had, the sum of $695, being the value thereof, together with costs. The motion of appellant, to fix the supersedeas bond recites, in part, as follows:

"That from the whole of said judgment and order denying new trial, an appeal was taken by defendants Charles T. Lyman and John McClenahan, on November 6th, 1930, to this Court, the appellants at the time serving with the notice of appeal, a bond in the sum of Two Hundred Fifty ($250) Dollars as provided in Section 3150 of the Revised Code of 1919 to the effect that appellants would pay all costs and damages which may be awarded respondent on the appeal. That since the perfecting of such appeal, respondent has caused a special execution to be issued out of the office of the clerk of the Circuit Court of Minnehaha County, as petitioner is informed, against appellant Charles T. Lyman, to recover the electric arc welding machine, in possession of appellant Charles T. Lyman, or in case delivery cannot be made, then to recover the sum of Six Hundred Ninety-five (695) Dollars, the value thereof besides costs. That appellant Charles T. Lyman de-

sires to retain possession of the welding machine pending the determination of this appeal, and to furnish such bond as may be necessary to stay proceedings of the Trial Court regarding plaintiff's recovery of the possession of such welding machine or the value thereof in case possession cannot be had."

On such application the presiding judge of this court issued an order to show cause why said motion should not be granted, which order was returnable December 30, 1930, and purported in the meantime to stay further proceedings on the judgment below. The motion is resisted by respondent and is now before us for disposition.

■■ The judgment below being for the delivery of personal property, appellant could have stayed proceedings thereon by applying to the trial court, under section 3153, Rev. Code 1919, to fix the amount of undertaking for such purpose and giving such undertaking either as part of his cost bond or as a separate instrument, and filing the original with the notice of appeal, and serving a copy thereof with the service of the notice of appeal, as provided in section 3163, Rev. Code 1919.

Appellant appears to have made no effort whatever to have supersedeas fixed in the court below or to furnish the same when he took his appeal, nor does he now attempt in any manner to justify or excuse his failure so to do.

Under the provisions of section 3163, Rev. Code 1919, if the court below had refused to fix the amount of the supersedeas, this court or a judge thereof, might have done so, and that power has been exercised by this court (State v. Carlson, 37 S. D. 231, 157 N. W. 657; State ex rel Haugan v. Belatti, 38 S. D. 410, 161 N. W. 614); but this has been done only, so far as we are aware, in cases where there was first an application to and refusal by the court below. If this court had jurisdiction to fix the amount of supersedeas on appeal and authorize the furnishing of the same and staying of proceedings thereby at any time after an appeal was taken merely upon appellant's request, such a statute as section 3163 affirmatively giving this court jurisdiction so to do when the trial court had refused to act would scarcely be necessary. Neither is there here presented any case of accident or mistake whereby this court might permit the supersedeas to be furnished under the

provisions of section 3167, Rev. Code 1919. See Burger v. Sinclair (1912) 24 N. D. 326, 140 N. W. 235.

Assuming without deciding the existence of an inherent power in this court at all times to preserve the status quo pending appeal, nevertheless we think, under our practice, that the time for an appellant to make up his mind whether or not he desires to stay proceedings on the judgment appealed from pending the appeal is before he takes his appeal. He may then have supersedeas fixed and serve and file the same with his notice of appeal, and if the trial court refuses any order necessary to the accomplishment of that end appellant may come to this court for that purpose under section 3163, supra. But certainly he cannot entirely disregard the matter when he takes his appeal and then come castually into this court a month after the appeal and ask to have supersedeas fixed, taking his first steps in the matter in this court when he learns that execution is being issued on the judgment. The sole ground for the application herein seems to be that appellant has now decided, the matter having been brought to his notice by issuance of execution, that he desires "to retain possession of the machine pending the determination of this appeal." We think, in the absence of some special showing, appellant is bound by the contrary decision on this point which he expressed in substance when he appealed without any attempt to supersede the judgment. If the practice attempted by this motion were permissible, doubtless every appellant would merely put up a cost bond, and proceed with his appeal until such time as an execution was issued, and then come into this court and ask to have supersedeas fixed and proceedings stayed. Such a practice would be intolerable and we know of no statutory warrant or authority for it. See In re Mee, 45 S. D. 303, 187 N. W. 540.

We think the order to show cause was improvidently issued. The motion of appellant is denied, and the order to show cause herein, including the order for stay of proceedings therein embodied, bearing date December 20, 1930, is hereby in all things rescinded and quashed.

SHERWOOD, J., absent.

BROWN, P. J., and POLLEY and BURCH, JJ., concur.