## WILLIAM ALDERMAN v. CALEB MANCHESTER.

*Replevin—General and special ownership.*

In replevin against a constable for goods levied on, a finding merely that plaintiff was the general owner and that defendant had a lien to the amount of his levy cannot be sustained where the interests of the parties are conflicting, as where the defendant levies on plaintiff's goods to satisfy an execution against a stranger.

Comp. L. §. 6754 in providing that when either party in replevin has a lien on or special property in the goods taken, and is not the general

owner, that fact may be shown and the finding shall be in accordance with it and the court shall render such judgment as shall be just betwcen the parties, means that the verdict shall be special and full enough to enable the trial court to render a proper judgment.

Where a plaintiff in replevin is general owner of the goods, but defendant has a special lien thereon under a levy made by him upon them, the plaintiff must necessarily hold the title levied on; but if he is not the general owner, defendant is entitled to a return, and there is no propriety in determining the amount of his lien unless he waives return and asks to have the value determined.

Where a jury finds that defendant in replevin has a special lien, but does not find what the property is worth, there is nothing on which to base a personal judgment against the plaintiff for the amount of the lien.

Error to Ionia.    Submitted June 22.    Decided June 27.

REPLEVIN.    Plaintiff brings error.    Reversed.

*A. B. Morse* and *A. A. Ellis* for appellant.

*Mitchel, Bell* and *McGarry* for appellee.

CAMPBELL, J.    Alderman replevied a horse which defendant had levied on as the property of one Derrick.    The whole controversy before the jury turned on the ownership of Alderman at the time of the alleged levy and taking. If he did not own the horse then, the animal belonged to Derrick, and it was not claimed or pretended that Alderman got any new rights.

The jury found that Alderman was general owner and that Manchester had a lien to the amount of his levy.    Under the charge this verdict is insensible.    One or the other of these findings must be wrong.    There may perhaps be cases like *Moore v. Vrooman* 32 Mich. 526, where such a verdict can be sustained because no conflicting interests are shown to have appeared, but never where such a conflict of interest exists as appears here.    The verdict sets out no other facts which could throw light upon it.    The statute provides that when either party has a lien on or special property in the goods and chattels replevied, and is not the general owner,

that ract may be shown, and the finding shall be in accordance with such fact, " and the court shall thereupon render such judgment as shall be just between the parties."

This means that the verdict shall be special and full enough to enable the trial court to render a proper judgment. If Alderman was general owner, and defendant had nevertheless a special lien, it could only be because Alderman held the same title which was levied on. If he was not the general owner, then defendant was entitled to a return, and there was no necessity or propriety in determining the amount of his lien, unless he should waive a return and have the value determined, which does not seem to have been done here. The jury have not found that the property was worth the amount of the special lien or any other sum, and therefore there is nothing on which to base a personal judgment for that sum against Alderman, which was done here. They have not rendered such a verdict as enables the court to know what justices requires.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.