JOHN D. CREIGHTON V. HARRY HAYTHORN ET AL.

FILED NOVEMBER 5, 1896.   No. 6875.

1. **Instructions:** ASSIGNMENTS OF ERROR. An assignment of error directed generally against a group of instructions will be considered no further than to ascertain whether any one thereof was rightly given or rightly refused.

2. **Replevin:** LIEN: MEASURE OF DAMAGES. Where the defendant in an action of replevin claims a special interest only in the property in controversy by virtue of a mortgage or other lien, his measure of damage, in case the property cannot be returned, is the amount of his lien with interest and costs, within the value of the property.

3. ——: ——: ——: FINDINGS. A verdict for the defendant in an action of replevin, whose claim arises from a lien upon the property in controversy, without a finding as to the value of his possession, is not responsive to the issues and is contrary to law, within the meaning of subdivision 6 of section 314 of the Code.

ERROR from the district court of Keith county. Tried below before NEVILLE, J.

*John R. Brotherton* and *McClanahan & Halligan,* for plaintiff in error.

*Grimes & Gilcox, F. Q. Feltz,* and *Albert Muldoon, contra.*

POST, C. J.

This was an action of replevin in the district court for Keith county by the plaintiff in error, John D. Creighton,

to recover certain horses and colts then in the possession
of the defendant therein named, Harry Haythorn, and
which were, as charged, unlawfully detained by the lat-
ter. The controversy appears to have been settled to the
mutual satisfaction of the parties named and a written
stipulation executed and filed whereby the plaintiff
agreed to dismiss said action at his own cost. Subse-
quently, however, and before a final disposition of the
cause, John W. Hughbank and Lucy Hughbank were, by
order of court, permitted to intervene for the purpose of
asserting a right to the possession of said property ad-
verse to the claims of both plaintiff and defendant, and
upon the issues tendered by said intervenors the cause
was prosecuted to judgment in their favor for the return
of the property and the sum of $43 damages for the un-
lawful detention thereof, and which has by the plaintiff
been removed into this court for review.

The claim of the intervenors rests upon the fact, as al-
leged, that the live stock, which is the subject of the con-
troversy, was taken up by them while trespassing upon
their cultivated lands, and by them placed in the posses-
sion of the defendant Haythorn, to be safely kept and
cared for under their direction. Intervenors also charge
that they had, previous to the commencement of this ac-
tion, fully complied with the provisions of the statute, in
order to preserve their lien upon said stock for the dam-
age done to their growing crops, which, together with
the cost of impounding, is laid at the sum of $200.

The allegations of error which relate to the giving and
refusing of instructions may be dismissed with the obser-
vation that the record discloses no exception to those
given, while those refused are grouped in a single assign-
ment of the motion for a new trial. It is not seriously
contended that the court erred in refusing each of the in-
structions requested, and there was certainly no error in
the refusal of paragraph No. 1, since the proposition
therein stated had been given in substantially the same
language in the charge of the court. An assignment of

error directed generally against a group of instructions will, in accordance with the repeated decisions of this court, be considered no further than to ascertain that any one thereof was rightly given or rightly refused.

A more serious question is presented by the first assignment of the motion for a new trial and also of the petition in error, viz., that the verdict of the jury is contrary to law. The grounds upon which intervenors were allowed to contest the plaintiff's claim was that they were entitled to a lien upon the stock in controversy to the amount of their damage. There was on their part no assertion of title, either in their petition of intervention or otherwise; nor did they at any stage of the proceeding claim the right to recover substantial damage on account of the wrongful detention of said property by the plaintiff. The jury, however, returned a verdict as follows:

"We, the jury in this case, duly impaneled and sworn, do find that the right of property and right of possession of said property at the commencement of this action was in the defendant John W. Hughbank, and we assess the value of said property at the sum of $800. We also assess the damage sustained by the defendant John W. Hughbank by reason of the unlawful detention of said property at the sum of $43.      JAMES K. ALLEN,
                                   *"Foreman."*

Plaintiff in error was, upon the overruling of the motion for a new trial, required to file a remittitur "as to the right of property and value of the same." But that action of the trial court does not operate to cure the obvious and radical errors in the verdict, since the jury have failed to find the value of plaintiff in error's possession, and the finding of damage for the unlawful detention of the property is without support in the pleadings or proofs. It is provided by section 191, Code of Civil Procedure, that "In all cases where the property has been delivered to the plaintiff, where the jury shall find upon the issue joined for the defendant, they shall also find whether the defendant had the right of property or right of possession

only at the commencement of the suit, and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant, for which, with costs of suit, the court shall render judgment." That section has been often construed as limiting the recovery of a defendant who claims a special ownership only by virtue of a lien upon the property replevied, to the amount due upon such lien, within the value of the property as found by the jury. (*Welton v. Beltezore*, 17 Neb., 402; *Cruts v. Wray*, 19 Neb., 581; *Gates v. Parrott*, 31 Neb., 581.) It follows, as held in *Search v. Miller*, 9 Neb., 26, that a verdict for the defendant in such case, whose claim arises from a lien upon the property in controversy, without a finding as to the value of his possession, is not responsive to the issues, and is, therefore, contrary to law, within the meaning of subdivision 6 of section 314 of the Code; and since there is a failure of proof to sustain the finding, damage for the unlawful detention of the property, it follows that the judgment must be reversed and the cause remanded for a new trial, unless the defendant in error, within thirty days from this date, remit all damage assessed in his favor in excess of the sum of ten cents.

REVERSED.