JOHN WILSON, SHERIFF, v. CITY NATIONAL BANK.

FILED MARCH 17, 1897.   No. 7237.

1. **Judgments: FINDINGS: REVIEW.** Within the meaning of section 314 of the Code of Civil Procedure, a judgment is contrary to law when the finding on which it is based is not responsive to the issues made by the pleadings.

2. **Replevin:** PLEADING: ISSUES: EVIDENCE. A plaintiff in replevin alleged in his petition that he was the owner and entitled to the immediate possession of the property. The answer was a general denial. All the plaintiff's evidence tended to show that he had a special interest in, or lien upon, the property replevied, and the court so found. *Held,* (1) That the evidence was irrelevant under the issues; (2) that the finding did not respond to the issues; (3) that the judgment based on such finding was contrary to law.

ERROR from the district · court of Buffalo county. Tried below before HOLCOMB, J. *Reversed.*

· *Marston & Nevius,* for plaintiff in error.

*Calkins & Pratt, contra.*

RAGAN, C.

From the record before us we gather the material facts of this case, as follows: W. L. Cook was engaged in mercantile business in the city of Kearney, and to secure a debt he owed to the City National Bank of that city (hereinafter called the bank) he executed and delivered to it a chattel mortgage upon his stock of merchandise. This mortgage the bank did not file for record. Some months after this he made a bill of sale of his stock of merchandise to a man named Shur and put him in possession. Soon after this Shur surrendered the stock of merchandise to the bank and it took possession and held possession of the stock by virtue of its mortgage thereon. Creditors of Cook attached the stock, and the bank brought an action in replevin, alleging that it was the owner and entitled to the possession of the stock of merchandise. The sheriff, from whom the stock of goods was replevied, answered by a general denial. The court to which the case was tried without a jury found that at the commencement of the action the bank had a special ownership in, and was entitled to possession of, the replevied property. To reverse the judgment rendered on this finding the sheriff prosecutes here a petition in error.

We have looked in vain for some ground on which to

affirm this judgment. The finding made by the district court was not responsive to the issue made by the pleadings, and the judgment pronounced on that finding the pleadings do not support. It was said on the argument of the case by counsel for the bank that the plaintiff in error did not make the point on the trial of the case that the mortgage from Cook to the bank was irrelevant evidence under the issues, and therefore he should not be heard to urge that point here for the first time. But the bill of exceptions does not disclose that the bank offered or put in evidence on the trial of this case the mortgage made to it by Cook. The mortgage is not in the bill of exceptions, though frequently mentioned. The record shows that the bill of sale from Cook to Shur was offered in evidence, but it is not in the bill of exceptions and there is no evidence whatever to show that the bank claimed to be the owner of the replevied property by virtue of a purchase or gift from Shur or Cook. The evidence, and all the evidence, tends to show that the bank was claiming these goods by virtue of its chattel mortgage. After Shur had turned over the goods to the bank Cook executed and delivered to the bank the following:

*"To the City National Bank:* I hereby consent that you may sell the goods this day taken by you under chattel mortgage at private sale, wholesale or retail, at such prices as you may be able to obtain.

"Dated Feb. 18, 1890.                    W. L. COOK."

This is not a bill of sale from Cook to the bank. Evidently the object and purpose of this paper was to authorize the bank to sell the mortgaged property without advertising it as provided by the statute. We are unable to find any evidence in the record which even tends to show that at the time this suit was brought the bank was the owner of the property it replevied, and the finding of the district court was in exact conformity with the evidence that the bank had a special interest in the property.

One of the grounds of the motion for a new trial filed

by the sheriff was that the finding was contrary to law, and this is one of the assignments of error in the petition in error filled here. We have already seen that the record does not disclose that the chattel mortgage was offered in evidence. Had it been, the plaintiff in error might then have objected to it as irrelevant under the issues, and had he failed to do so, it may be that he could not have been heard to raise the question afterwards; but that point we do not decide. But he did make the point on his motion for a new trial, and has made it again in his petition in error here and argued at the bar, that the finding of the court and the judgment pronounced thereon are contrary to law. Now we understand that a judgment is contrary to law when the finding on which it is based is not responsive to the issues made by the pleadings. If the finding here then is based upon the evidence of the chattel mortgage made by Cook to the bank, such finding, while supported by sufficient evidence, is contrary to law, because not responsive to the issues. There can be no doubt but that Cook was largely indebted to the bank, and that the merchandise turned over to the bank by Shur was to secure the payment of Cook's debt to the bank; and if the court treated the written consent given by Cook to the bank on the 18th of February, 1890, to sell the goods at private sale as a pledge of the goods to the bank by Cook, it was still only a pledge; and when this written consent was introduced in evidence the sheriff objected to it as evidence on the ground that it was irrelevant.

Under any view of the case then that we can take, it comes to this: that the bank claimed in its pleading to be the absolute owner of these goods; that all the evidence introduced by it on the trial tended to show that it had only a special ownership in or lien upon the goods. The finding made by the court then is supported by the evidence; but the evidence, and all the evidence in the case, was irrelevant under the issues, and the finding made is not responsive to the issues and not supported by the

pleadings, and the judgment is erroneous. (See *Robinson v. Kilpatrick-Koch Dry Goods Co.*, 50 Neb., 795.) The judgment of the district court is

REVERSED.