## SHIELDS v. MOODY.

REPLEVIN—JUDGMENT.

> In replevin against a sheriff for goods levied upon as the property of a third person, where the issue as to plaintiff's ownership is found against him, judgment is properly entered for a return of the property, without limitation to the amount of defendant's lien.

Error to Mecosta; Edwards, J. Submitted April 21, 1899. Decided June 28, 1899.

Replevin by Fannie Shields and Benjamin T. James against Bert D. Moody, sheriff of Mecosta county. From a judgment for defendant, plaintiffs bring error. Affirmed.

*John T. Clark*, for appellants.

*Joseph Barton*, for appellee.

MONTGOMERY, J. This is an action of replevin to recover one brown stallion, one single harness, one road bike sulky, one cutting-box, two canvas tents, one adz, one spike-maul, one sledge-hammer, and one corn-cutter, all of which had been duly levied upon by the defendant, as sheriff, under a valid writ directed against the property of James Shields, the husband of the plaintiff Fannie Shields. The jury rendered a verdict for the defendant, upon which judgment was entered for a return of the property. The plaintiffs moved for a new trial, which was refused, and have brought the case to this court for review on error.

The contention chiefly relied upon is that the undisputed testimony showed that the plaintiffs were the owners of the property, and that a verdict should have been directed in their favor. No request for such an instruction was made, but, as plaintiffs moved for a new trial on the

ground that the verdict was against the evidence, it is necessary to inquire whether there is any testimony to sustain the finding.

The plaintiffs' theory was that a firm known as the Big Rapids Real-Estate Company was composed of the two plaintiffs, and that the property in question all belonged to this firm. Mr. Shields appears to have had full control of the business of the firm, with no definite arrangement as to how he was to be compensated. Mrs. Shields testified that he was to be paid according to what he did. The most valuable of the property is the brown stallion, which Mrs. Shields testifies she bought in Tennessee. It does not appear very satisfactorily where she obtained the money to pay the price, which was about $2,500. She further testified that all the personal property which they brought to Big Rapids was turned over to Mr. Shields for property and interest in lands, and to secure Mr. Stearns upon some paper made by Mr. Shields. It appears that this property was placed with Mr. Stearns as security, and that later on Mrs. Shields paid $382 in full of all demands against Mr. Shields, and Mr. Stearns assigned to her all his right, title, and interest in three horses, including the one in question. This does not show absolute ownership in Mrs. Shields,—much less in the two plaintiffs. Certain of the other property was received on a purchase from one Holland. It appears the personal property was purchased in connection with certain farm lands. The title to the lands was taken in the name of Mrs. Shields. James was not named as grantee. It appears that payment was made partly in cash and partly by mortgage. One thousand four hundred dollars was paid down by Mr. Shields with money borrowed in his own name. Apart from many circumstances which are calculated to arouse the suspicion that these transactions are merely colorable, there was ample testimony justifying the conclusion reached.

It is claimed that the judgment for the return of the property was erroneous; that it should have been limited

to the amount of defendant's lien. Plaintiffs made no such contention on the trial. The distinct question presented was whether the plaintiffs were the owners of the property. The jury found they were not. It is only where one party is the general owner, and the other has a lien, that the judgment is limited to the amount of the lien. *Alderman* v. *Manchester*, 49 Mich. 48.

The other questions do not appear to us, after full consideration, to require further discussion.

The judgment is affirmed.

The other Justices concurred.