(43 Misc. Rep. 421.)

GEIN v. LITTLE et al.

(Supreme Court, Trial Term, New York County. April, 1904.)

1. UNDERTAKING ON APPEAL—LIABILITY OF SURETIES—STATEMENT OF CONSIDERATION.

The statute of frauds does not make it necessary that an undertaking on appeal to the Court of Appeals shall state the consideration for the sureties' obligation in order to entitle the obligee to maintain an action.

2. SAME—SUFFICIENCY.

On appeal to the Court of Appeals from a judgment not directing the payment of money, the appellant gave an undertaking to pay all damages which defendant might sustain by reason of the appeal, and that, if the judgment appealed from is affirmed, he would pay the sum recovered or directed to be paid by him by the judgment on trial at Special Term, or the part thereof as to which it is affirmed or dismissed, and, if affirmed or dismissed, that he would pay the notes held by a certain defendant to the extent to which they had been declared by a judgment of the Special Term to be cash notes, not exceeding a certain sum. Code Civ. Proc. § 1326, provides that, to render a notice of appeal to the Court of Appeals effectual, the appellant must give an undertaking to the effect that he will pay all costs and damages which may be awarded against him. The Court of Appeals affirmed the judgment without costs. *Held*, that the undertaking, considered as a statutory one, created no liability.

3. SAME—COMMON-LAW OBLIGATION.

The provision with respect to the payment of the cash notes was, however, enforceable as a common-law obligation, if supported by a consideration.

4. SAME—SEAL.

The use of a seal on an undertaking on appeal imports a consideration.

5. SAME—WANT OF CONSIDERATION—PLEADING.

Where, in an action against the sureties on an undertaking on appeal, it is not alleged that the undertaking was sealed, the sureties may raise the defense of want of consideration, though it is not pleaded.

6. SAME—BURDEN OF PROOF.

Where, in an action on an undertaking on appeal, the undertaking, when produced in evidence, is sealed, the burden is on the sureties defending on the ground of want of consideration to rebut the presumption of consideration arising from the use of the seal.

7. SAME.

Where, in an action on an undertaking on appeal, the instrument was sealed, and the sureties made no attempt to rebut the presumption of a consideration arising from this fact, and it was shown by plaintiff that the undertaking was given to stay proceedings, and that, though not sufficient for this purpose, it was so treated, a consideration was shown rendering the sureties liable upon the undertaking as upon a common-law obligation.

8. SAME—STATUTE OF FRAUDS.

A sealed undertaking on appeal, which was ineffectual as a statutory undertaking, was not void as to the sureties under the statute of frauds on the ground that the consideration was not expressed therein.

Action by Louis H. Gein against William McCarty Little and another. Judgment for plaintiff.

Hitchings & Palliser (Lynn W. Thompson, of counsel), for plaintiff. Truax & Crandall, for defendants.

¶ 1. See Frauds, Statute of, vol. 23, Cent. Dig. § 216 [j, m].

CLARKE, J.   Action on an undertaking, tried by the court without a jury.   The suit is brought to recover a money judgment upon the undertaking given to perfect the appeal to the Court of Appeals by the plaintiff in the action of Macgowan v. Gein, 13 N. Y. St. Rep. 421, affirmed in the Court of Appeals, 122 N. Y. 643, 25 N. E. 956. The plaintiff claims to be the owner of the "cash notes" hereinafter referred to, and the defendants are the sureties upon the undertaking. The Special Term judgment, affirmed in both appellate courts, reformed a chattel mortgage given to secure certain promissory notes, and also reformed the notes by adjudging that they were "payable as per contract for printing," with the exception of notes to the amount of $2,550, which were held to be "cash notes."   The undertaking contained many erroneous recitals in relation to the action and the judgment, and, instead of providing as its condition, in accordance with the provisions of section 1326 of the Code of Civil Procedure in the case of security to perfect an appeal to the Court of Appeals, that the appellant would pay all costs and damages which may be awarded against him on the appeal not exceeding $500, provided instead "that the appellant will pay all damages which the defendant may sustain by reason of such appeal, and that, if such judgment appealed from, or any part thereof, is affirmed, or the appeal be dismissed, he will pay the sum recovered or directed to be paid by him by the judgment upon trial at Special Term,   *   *   *   or the part thereof as to which it is affirmed or dismissed, and, if affirmed or dismissed, that he will pay the notes held by the defendant Helen Potter to the extent to which, by the judgment entered on the 18th day of January, 1887, being the judgment entered upon the decision rendered at Special Term, they are declared to be the 'cash notes,' not exceeding the sum of $3,500."   On the trial the plaintiff expressly limited his right to recovery on the undertaking to the "Potter cash notes."

The defendants claim that no liability was created by the undertaking as a statutory undertaking beyond that provided for by section 1326 of the Code, while, if the undertaking was sought to be enforced as a common-law obligation, it was void for want of consideration in fact, and under the statute of frauds as being a promise to answer the debt of another, without consideration expressed in the document or otherwise in writing.   So far as the undertaking was a statutory one, no consideration need be expressed, because being provided for by statute, and to effect the object allowed by the statute, it is upheld by the statute, and has its consideration in the attainment of the object in pursuance thereof.   Thompson v. Blanchard, 3 N. Y. 335, cited with approval in Post v. Doremus, 60 N. Y. 371.   I am convinced, however, that as a statutory undertaking the instrument confers no right of action on the plaintiff.   Under the circumstances of this case the only undertaking required was under section 1326, for security for costs to the amount of $500 to perfect the appeal.   There were no costs awarded on the appeal either at General Term or at the Court of Appeals. Hence, within the meaning of the undertaking and the statute as interpreted by the cases, the defendant in the original action sustained no "damages by reason of such appeal" that the appellant agreed to pay, nor was any sum recovered or directed to be paid by the judgment upon the trial at Special Term.

But the question remains as to whether plaintiff can recover as upon a common-law obligation. It is held that where, upon appeal, an undertaking is given beyond what is required by the Code of Civil Procedure for the perfecting of the appeal, so much thereof as is in excess, unless a consideration therefor can be shown aliunde to exist, is without consideration and cannot be enforced. Post v. Doremus, 60 N. Y. 371; Mittnacht v. Kellermann, 105 N. Y. 461, 12 N. E. 28. The provision as to the paying of the "cash notes" is entirely outside of the statutory undertaking, and, to be valid, must be supported by a consideration. None such is expressly stated in the instrument itself. But the undertaking is sealed. In Petrie v. Barckley, 47 N. Y. 653, it was held that the seal affixed to a bond is presumptive evidence of full consideration received by the principal, and sufficient to bind the surety. A seal upon an executory instrument is "presumptive evidence of a sufficient consideration." Code Civ. Proc. § 840; Hazleton v. Webster, 20 App. Div. 177, 46 N. Y. Supp. 922, affirmed 161 N. Y. 628, 55 N. E. 1096. Therefore the burden of going forward and showing a want of consideration rests on the defendants. Durland v. Durland, 153 N. Y. 67, 47 N. E. 42. In Howie v. Kasnowitz, 83 App. Div. 295, 82 N. Y. Supp. 42, Mr. Justice Ingraham said:

"The agreement being under seal, a consideration was presumed; and, while the parties were not precluded from showing that there was actually no consideration, the lack of consideration was an affirmative defense, which must be pleaded by the party seeking to avoid the performance of the contract on that ground."

The same rule is stated in Mutual Life Ins. Co. v. Yates Co. Nat. Bank, 35 App. Div. 218, 221, 54 N. Y. Supp. 743, 745:

"The bond being under seal, and importing a consideration, the defendant was bound to allege in its answer (which it did) a want of consideration, and by affirmative evidence rebut the presumption arising from the presence of the seal. This burden was on the defendant, which, I think, it failed to sustain. No witness testified that there was no consideration for the bond, nor was any evidence given of the circumstances under which it was executed from which the presumption of a consideration was overthrown."

As the complaint before me does not disclose that the undertaking was under seal, it was not incumbent upon the defendant to allege in its answer a want of consideration. But the undertaking upon which the action is brought, and introduced by the plaintiff in evidence at the trial, was under seal, and it was then incumbent upon the defendants to rebut the presumption, and show a lack of consideration. The defendants have failed to sustain this burden. They called no witnesses to testify that there was no consideration for the bond, but rested without introducing any testimony at the end of the plaintiff's case. The evidence presented by the plaintiff of the circumstances under which the bond was executed does not overthrow the presumption of a consideration, but tends to confirm it. Judge O'Brien, in Wing v. Rogers, 138 N. Y. 361, 34 N. E. 194, says at page 367, 138 N. Y., and page 196, 34 N. E., in construing a bond:

"But we have a right to look at the recitals and the legal proceedings out of which it grew, in order to determine its real consideration and conditions."

Judge Martin, in Ulster Co. Sav. Inst. v. Young, 161 N. Y. 23, 55 N. E. 483, at page 30, 161 N. Y., and page 484, 55 N. E., says:

"The liability of a surety is measured by his agreement, and is not to be extended by construction. His contract, however, is to be interpreted by the same rules which are applicable to the construction of other contracts. The extent of his obligation must be determined from the language employed when read in the light of the circumstances surrounding the transaction.  *  *  * Under this rule of construction we must examine the bond in suit in the light of the facts and circumstances surrounding the parties, and thus determine their intent as indicated by a fair and reasonable construction of the language employed."

Nat. Mech. Banking Assn. v. Conkling, 90 N. Y. 116, 121, 122, 43 Am. Rep. 146.

The judgment entered at Special Term recited in the bond, after directing that all notes be reformed by marking across the face of each of them, in writing, the words, "Payable as per contract for printing," with the exception of the notes held by Potter, which are declared to be "cash notes," provides "that upon reforming the notes and mortgage, as hereinbefore set forth and adjudged, the injunction heretofore granted in this action is dissolved." The injunction dissolved had up to the time of the entry of this judgment restrained the foreclosure of the mortgage held as security for the notes, including the Potter "cash notes." The General Term affirmed the Special Term. The plaintiff appealed, and filed an undertaking. The defendant Potter then made a motion that said undertaking "be declared insufficient to effect a stay of proceedings pending such appeal," and an order was entered, which, after reciting that "said undertaking was insufficient to effect a stay," directed "that said defendant Helen Potter may proceed to collect the amount of the judgment in her favor herein unless the plaintiff, within seventy days from the service of this order upon plaintiff's attorney file and serve a new undertaking that is sufficient to effect the stay of proceedings herein, and that conforms to the requirements of the Code of Civil Procedure." After the making of this order the bond in question was given. It does not conform to the requirements of the Code, but the sureties agree to pay the cash notes in case of an affirmance. Although relieved from the restraint of the injunction, the holder of the cash notes refrained, pending the appeal, from proceeding to collect the same, so that the bond in fact operated as a stay. Mr. Justice Rumsey, in O'Beirne v. Cary, 34 App. Div. 328, 54 N. Y. Supp. 337, affirmed 165 N. Y. 661, 59 N. E. 1127, says:

"It cannot be denied that an undertaking upon appeal has no force at common law, and that it cannot be enforced unless it has been effectual to accomplish the purpose intended; and that is to stay the proceedings upon the judgment appealed from."

And in Wing v. Rogers, 138 N. Y. 366, 34 N. E. 195, Judge O'Brien says:

"When an action is brought against sureties upon a bond or undertaking given in an action, or upon appeal, the validity and force of the instrument depends upon its efficacy in performing the office or accomplishing the end or result contemplated by the parties at the time it was given."

Hemmingway v. Poucher, 98 N. Y. 281.

In Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399, the undertaking was not in the form prescribed to stay proceedings on an appeal, but

the attorneys on both sides treated it as appropriate and effectual for that purpose, and no proceedings were taken to enforce the judgment until after the determination of the appeal. Judge Andrews held the undertaking to be founded on a good consideration. "The transaction was, in legal effect, a forbearance on the part of the plaintiffs, at the request of the defendants, to pursue their legal remedy against the defendants pending the appeal, in consideration of the undertaking. * * * It should be held, we think, to inure as a good common-law agreement, enforceable according to its terms. Decker v. Judson, 16 N. Y. 439. This conclusion accords with the sense of justice, and is not precluded by the authorities." The undertaking was not given in that case to perfect the appeal, as in the case at bar, but in the case before me the bond was given for the double purpose not only of perfecting the appeal, but also of staying proceedings. The promise to pay the cash notes could have been made for no other purpose, as it was wholly unnecessary to perfect the appeal. In Concordia Sav. & Aid Ass'n v. Read, 124 N. Y. 189, 26 N. E. 347, the defendant sureties undertook "that, if the judgment so appealed from, or any part thereof, is affirmed, or said appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it shall be affirmed." It was held that, although the undertaking given on appeal was not in the form required by statute to stay proceedings on appeal, inasmuch as it was accepted by respondents, and no proceedings were taken to enforce the decree pending the appeal, which resulted in an affirmance, the undertaking was a valid common-law agreement, and enforceable according to its terms. On the authority of these decisions I conclude that the plaintiff has shown a consideration to support the agreement upon which the action was brought.

The defendants also moved to dismiss the complaint upon the further ground that the undertaking is an agreement to answer for the debt, default, or miscarriage of another, and void under the statute of frauds, because all the terms of the agreement, including the consideration, are not expressed therein. This motion may be briefly disposed of. It has been held that under the amendment of the statute of frauds made by chapter 464, p. 802, of the Laws of 1863, a collateral undertaking satisfies the requirements of the statute where by fair implication it discloses that the promise rests on a legal consideration. Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890; Drake v. Seaman, 97 N. Y. 230; Smith v. Northrup, 80 Hun, 65, 29 N. Y. Supp. 851. Moreover, the undertaking given by these defendants was under seal, and "a covenant under seal is not within the statute of frauds requiring an agreement to be in writing expressing the consideration." Smith v. Northrup, 80 Hun, 65, 70, 29 N. Y. Supp. 851, 854.

Motion to dismiss denied. The plaintiff put in evidence four notes aggregating $2,500. Judgment for the plaintiff for $2,500, together with interest upon the several notes from the dates upon which they respectively became due. Findings and judgment to be settled on notice. The defendant may have an exception noted to each of the exhibits objected to and as to which decision was reversed.

Judgment accordingly.