(113 N. W. 609.)

---

NELS JOHNSON AND SYVER JOHNSON, CO-PARTNERS AS JOHNSON BROTHERS, v. RICHARD GLASPEY AND WILLIAM RENNIE, CO-PARTNERS AS GLASPEY AND RENNIE.

Opinion filed Sept. 4, 1907. Rehearing denied Oct. 26, 1907.

**Justice of the Peace — Appeal — Bond.**

1. The defendants appealed from a judgment of a justice of the peace to the district court, and furnished only an undertaking in conformity with section 8503, Rev. Codes 1905, relating to appeals from justice's court. *Held,* that the words "all costs" contained in the undertaking in accordance with the requirements of section 8503 are sufficiently comprehensive to cover costs on appeal, and that the district court acquired jurisdiction without filing the bond mentioned in section 8502, Rev. Codes 1905.

**Same — Claim and Delivery — Verdict Not Responsive to Issues Invalid.**

2. In an action in claim and delivery in which the issues were as to the right of possession, damages, and the right to and the amount of the lien claimed on the property in suit, the jury returned a verdict as follows: "We, the jury in said action, do hereby find for the defendant in the sum of $12.00." *Held,* that this verdict was not responsive to the issues, and was not in law a verdict.

**Same — Defective Verdict — Retrial.**

3. Under the provisions of section 8428, Rev. Codes 1905, which is to the effect that, if the jurors are discharged without rendering a verdict, "* * * the court shall proceed again to trial as in the first instance, until a verdict is rendered," where the jury returned what was in form a verdict, but which failed to find on all the material issues, the justice was warranted in holding that it was not a lawful verdict, and in setting the case for retrial.

**Trial — Definition of Verdict.**

4. The word "verdict" is not an abstract designation of the find-
ing of a jury after a case is submitted to it, but relates to the issues
raised by the pleadings and evidence, and what may in form be a
verdict is not such in law unless it substantially responds to all the
issues.

Appeal from District Court, Ward county; *Goss,* J.

Action by Nels Johnson and Syver Johnson against Richard
Glasp'ey and William Rennie. Judgment for defendants, and plain-
tiffs appeal.

Reversed.

*Geo. H. Gjertsen,* for appellants.

Appeal bond was insufficient, and appeal should have been dis-
missed. Doering v. Jensen, 91 N. W. 343.

Verdict must respond to the issues, or no judgment can follow.
Holt v. Van Eps, 1 Dak. 192, 46 N. W. 691; Michon v. Ayalla, 84
Tex. 685; 2 Enc. Pl. & Pr. 868; Walston v. Walston, 24 S. W.
951, 28 Am. & Eng. Enc. of Law (1st Ed.) 283; Traun v. Wit-
tick, 27 Ala. 571; Stiles v. Granville, 6 Cush. 458; Swain v. Roys,
4 Wis. 150; Holman v. Kingsbury, 4 N. H. 105; Gerrish v. Train,
3 Pick. 124; Allison v. Dartom, 24 Mo. 343; Jones v. Snedecar,
3 Mo. 390; Pratt v. Rogers, 5 Mo. 52; Dunbar v. Bittle, 7 Wis.
143; Smith v. Lewis, 20 Wis. 350; Blakeley v. Duncan, 4 Tex. 184;
Avery v. Avery, 62 Am. Dec. 513, 12 Tex. 54.

*H. W. Braatelien,* for respondents.

Without statutory authority a justice cannot pass upon a verdict
of the jury. Lyman-Eliel Drug Co. v. Cook, 12 N. D. 88, 94 N.
W. 1041.

Justice must enter verdict as returned. Rev. Codes 1905, section
8436; Sluga v. Walker, 9 N. D. 108, 81 N. W. 282; Lynch v.
Kelly, 41 Cal. 233; In re Dance, 2 N. D. 184, 49 N. W. 733; Plano
Mfg. Co. v. Stokke, 9 N. D. 40, 81 N. W. 70.

SPALDING, J. This is an action in claim and delivery, and the
first question presented for consideration is whether an undertaking
on appeal from justice court to district court drawn in accord-
ance with the requirements of section 8503, Rev. Codes 1905, is suf-

ficient to give the district court jurisdiction without containing any provisions in the express language of section 8502, Rev. Codes 1905. The judgment of the justice court was for the plaintiffs, and, in the alternative, holding them to be the owners and entitled to the possession or the value of the property in question, and awarding them damages for detention and costs. Defendants appealed to the district court on questions of law alone, and furnished an undertaking in the following language: "Whereas, on the 31st day of October, 1905, before David Landis, Esq., justice of the peace in and for the county of Ward, and state of North Dakota, the above-named respondents recovered a judgment in an action pending in said court against the above-named appellants for the immediate return and possession of specific personal property, and for damages and detention and costs taxed at sixty-two dollars or the sum of one hundred seventy-five and no-100 dollars if possession cannot be had and for the sum of twenty and no-100 dollars and costs taxed at $62.00 making a total judgment of $257.00 and the above named appellants feeling aggrieved thereby, intend to appeal therefrom to the district court of said county: Now, therefore, we, Glaspey and Rennie, copartners, and appellants, principal, and H. V. Hollingsworth and William Glaspey, sureties, of the county of Ward and state of North Dakota, do hereby undertake, promise, and agree if the appeal is dismissed or if judgment is rendered against the appellants * * * in the sum of five hundred twenty-five and no-100 dollars, that appellants in the appellate court will deliver the property above referred to and pay all damages for the taking or detention thereof and all costs, or pay the sum fixed by the judgment as the value of the property together with the damages awarded for the taking or detention thereof and all costs not to exceed the sum above mentioned. Dated November 9th, 1905." The plaintiff submitted a motion to dismiss the appeal for lack of the undertaking required by section 8502, Rev. Codes 1905, and the district court overruled this motion, and defendants had judgment.

Sections 8502 and 8503 read as follows: Section 8502: "To render any appeal effectual for any purpose an undertaking must be· executed on the part of the appellant by sufficient surety to the effect that the appellant will pay all costs which may be awarded against him on the appeal, not exceeding $100.00." Section 8503: "If the appellant desires a stay of execution an under-

taking must be executed on his part by sufficient surety to the effect, that if the appeal is dismissed, the appellant will pay the amount of the judgment appealed from and all costs, or if judgment is rendered against him in the appellate court, that he will pay the amount of such judgment and all costs not exceeding a sum specified in the undertaking, which must be at least one hundred dollars and not less than twice the amount of the judgment appealed from; or, if the judgment appealed from is for the recovery of specific personal property an undertaking must be executed on the part of the appellant by sufficient surety to the effect that if the appeal is dismissed or if judgment is rendered against the appellant in the appellate court, the appellant will deliver the property described in the judgment and pay the damages awarded for the taking and detention thereof and all costs or pay the sum fixed by the judgment as the value of the property together with the damages awarded for the taking or detention thereof and all costs. Such undertaking shall be approved and filed as provided in last section." It is contended that the undertaking furnished was inadequate to cover costs on appeal, and that, in addition to this undertaking, another undertaking should have been given for that purpose. This is purely a question of construction, and must be determined by considering whether the language of the undertaking in the action was broad enough to cover the costs on appeal. It will be observed that the undertaking was for more than $100, and, as to costs, it provides for the payment of all costs not to exceed $525. After careful consideration, we have arrived at the conclusion that the term "all costs," in the connection in which it is used in the undertaking, is comprehensive enough to include costs on appeal. We cannot conceive of any costs to which the prevailing party in the district court would be entitled on appeal, or on the dismissal of an appeal from the justice court which would not be included in the term "all costs," and we hold that the undertaking was sufficient as an undertaking to give the district court jurisdiction.

The next question arises over the action of the justice court which is complained of in the appeal to the district court. It was admitted that the ownership of certain cattle was in the plaintiffs, and that they were taken by the defendants to pasture during the season. While in the possession of the defendants they caused them to be vaccinated, and proposed to charge the plaintiffs

the sum of $4 for this service in addition to the charge for pasturing. The plaintiffs declined to pay this sum, and, on the refusal of defendants to deliver possession unless paid, plaintiffs brought this action. The issues were as to the amount of defendants' lien, if any, and as to who was entitled to possession of the cattle and to damages for their detention. At the conclusion of the trial the jury returned a verdict in this form, omitting the title, etc.: "We, the jury in said action, do hereby find for the defendant in the sum of $12.00." It appears that the jury was discharged before the justice examined this pretended verdict, and that, upon reading it, he decided that it was not a verdict in accordance with the provisions of section 8428, Rev. Codes 1905, which is to the effect that if the jurors are discharged without rendering a verdict, or because they cannot agree, the court shall proceed again to trial as in the first instance, until a verdict is rendered. The justice then set the case for retrial the next day. It appears that both the plaintiffs and defendants by their counsel were present during this action of the court, and that neither party made any sort of objection to the case being set for retrial. When the case was called for trial the next day, the defendants defaulted, and judgment was entered for the plaintiffs, and from such judgment appeal was taken to the district court. Section 8427, Rev. Codes 1905, relating to verdicts in justice court as applicable to this case, requires the verdict to be as follows: "In an action to recover possession of personal property, to the effect that the jury find the plaintiff or defendant entitled to possession or if not in possession, to a delivery of the property therein described, specifying its value article by article, and to damages if claimed, for its detention, in a sum therein stated as assessed by the jury. If the finding is in favor of the plaintiff as to part of the property, the verdict shall contain a like finding in favor of the defendant as to the residue." The plaintiffs complain that this so-called verdict was not responsive in any degree to the issues, or to the requirements of this section, for it failed to make any finding as to the right of possession or to specify the value of the cattle, and contained no finding as to damages, or the amount of defendants' lien, if any. While in form a verdict, we are of the opinion that in a legal sense it was not a verdict. Cases are very numerous to the effect that a verdict which does not respond to all the issues will not support a judgment. Cases are also very numerous holding that verdicts

of this character in claim and delivery are inadequate and will not sustain a judgment. The word "verdict" is not an abstract designation of the finding of the jury, but it relates to the issues involved in the pleadings and the evidence, and, while it may in form be a verdict, it is not a verdict in law, unless it substantially responds to the issues. This question was elaborately discussed in Holt v. Van Eps, 1 Dak. 207, 46 N. W. 689, where it was held that a verdict which finds but part of the issues, and says nothing as to the rest, is insufficient to sustain a judgment, because the jury has not tried the whole issue, and the court in that case also held that where a question of ownership was in issue, and the verdict found that the plaintiff was entitled to possession of the property and damages, it would not sustain a judgment, and the judgment entered thereon was invalid, because the jury failed to find on the issue of ownership. A verdict in a legal sense generally is the determination of the jury upon the matters of fact in issue in a cause upon the evidence. The general rule is that the verdict must comprehend the whole issue or issues submitted to the jury in a particular case. Creighton v. Haythorn, 49 Neb. 526, 68 N. W. 934; Wilson v. City National Bank, 51 Neb. 87, 70 N. W. 501; Aultman & Co. v. McDonough, 110 Wis. 263, 85 N. W. 980; Day v. Webb, 28 Conn. 140; Froman v. Patterson, 10 Mont. 113, 24 Pac. 692; Hawley v. Barker, 5 Colo. 118; Simmons v. Hamilton, 56 Cal. 493; Patterson v. U. S., 15 U. S. 225, 4 L. Ed. 224; Farmers' Loan & Trust Co. v. St. Clair, 34 Mich.. 518; Alderman v. Manchester, 49 Mich. 48, 12 N. W. 905; 22 Enc. Pl. & Pr. 860, note 2, and following pages.

The Supreme Court of the United States in Patterson v. United States, supra, passed upon this point, and says: "The rule of law is precise upon this point. A verdict is bad if it varies from the issue in a substantial matter, or if it find only a part of that which is in issue. The reason of the rule is obvious. It results from the nature and the end of the pleading. Whether the jury find a general or a special verdict, it is their duty to decide this very point in issue; and, although the court in which the case is tried may give form to the general finding, so as to make it harmonize with the issue, yet, if it appear to that court, or to the appellate court that the finding is different from the issue, or is confined to a part only of the matter in issue, no judgment can be rendered upon the verdict. It is true that, if the jury find the issue and

something more, the latter part of the finding will be rejected as surplusage; but this rule does not apply to a case where the facts found in the verdict are substantially variant from those which are in issue." Had the jury returned a general verdict, it might have supported a judgment, as it would then have been equivalent to finding specifically for the defendants on all issues.

We are of the opinion that the justice committed no error in proceeding to a retrial. The points on which the appeal was taken to the district court all relate to this action of the justice, so no other questions can be determined.

The judgment of the district court is reversed, with costs. All concur.