# BURGER v. SINCLAIR.

### (140 N. W. 231.)

**Advancement of cases for hearing — supreme court — discretion.**

1. Though § 3758, Rev. Codes 1905, requires the supreme court, when due application and showing is made, to advance certain cases upon its calendar, in which the public has a direct interest, the arrangement of such calendar is otherwise entirely within the control and discretion of such court.

**Appeals — supersedeas bonds — when furnished.**

2. Where a perfectly solvent defendant and appellant in three cases raising practically the same issues neglected to file supersedeas bonds within the statutory period, though he directed his counsel so to do, either because such counsel thought the filing of such bonds was unnecessary under the statute, or that, on account of the solvency of all of the parties concerned, no levy would be made, or attempted to be made, before an affirmance of the judgments, and during the term of the supreme court for which the cases are set for argument, the defendant discovers not only that the plaintiffs are about to levy their executions, but that some of them have disposed of some of their property so that, in case of a reversal of the judgments, the recovery of damages for the unauthorized levies might be difficult and problematical, and makes application in the supreme court for leave to file supersedeas bonds therein, or to make any deposit of cash that may be required of him, which motion, on account of the strict wording of the statute, § 7208 (see Burger v. Sinclair, post, 326, 140 N. W. 235) is denied, and it appears to the supreme court that, by advancing the said cases on its calendar, they may be disposed of so that, if the said judgments are reversed, the levy will be unnecessary, and that said cases involve practically the same issues, such court may, in its discretion, advance such cases.

**Function of court.**

3. The function of a court is not to sit as an umpire between counsel, but to see that justice is ultimately done to the litigating parties, and that the administration of the law itself may be reasonable and without just subject for criticism.

**Dismissal of appeal — order permitting undertaking to be filed.**

4. An order which provides that "an appeal shall be dismissed unless the appellant shall, within twenty days from the date thereof, file with the clerk of the supreme court an undertaking for costs, in compliance with the statute, with sureties to be approved by the clerk of the district court, and that unless such condition is complied with within the time aforesaid, the appeal in said action shall be dismissed," is complied with if such a bond is filed and approved by the clerk of the district court within the time prescribed, even though it has not been filed long enough prior to the expiration of the twenty days to allow an exception to and justification of the sureties. Such holding, however, does not deprive the respondent of the right to insist upon such justification within the statutory time.

**Sufficiency of bond — technical error.**

5. Where, in an appeal bond, the context clearly shows the intention of the parties, a mere technical error in inserting the word "plaintiff" instead of "appellant" will not, of itself, invalidate such bond.

**Appeal bond — sufficiency.**

6. If the conditions of an appeal bond substantially cover the provisions of the statute, and secure to the respondent all that the law has designed for him, such bond is sufficient, although not in the exact words of the statute.

Opinion filed January 3, 1913.

Motion by appellant to advance the cause upon the calendar of this court.

Motion granted.

Statement by BRUCE, J. We have before us for consideration a motion to advance three cases upon the calendar of this court, all of which, though brought by separate plaintiffs, involve practically the same issues. The motion is made upon the somewhat novel, but at the same time reasonable, ground that the appellant (the defendant in the court below) is in danger of having his property sold under execution when, as a matter of fact, he is not only abundantly able to pay the judgment against him if affirmed by this court, but perfectly willing and able to give a cash or other bond to secure and indemnify the plaintiffs. These bonds he has, in fact, already given, for, though strictly speaking, and under the ruling of this court in a former motion (Burger v. Sinclair, post, 326, 140 N. W. 235), he has no legal right, under the statute and at this time, to give a supersedeas bond. but bonds for costs merely, he

has, either intentionally or unintentionally, in attempting to give such bonds for costs, given bonds which in terms secure the judgments also. Though such bonds cannot, under our former ruling, operate as supersedeas bonds, they nevertheless would, if accepted, fully indemnify the respondents against all loss, and fully secure their judgments.

The affidavits filed upon this and the former hearings show that defendant is abundantly responsible; that when the appeals were first taken he directed his attorney to have the judgment superseded, and until very recently supposed that this had been done; that his counsel, however, laboring, perhaps mistakenly, under the idea that a supersedeas bond was not necessary in law and under our statute, and certainly relying not only on the well-known solvency of the defendant, but that the plaintiffs and respondents were themselves solvent, and would probably not desire to subject themselves to the liability of three several suits in damages if they levied their executions, and the judgments were, after all, not affirmed, failed and refused to file such supersedeas bonds in the first instance and within the statutory time, and only awakened to the seriousness of his mistake when he not only discovered that the respondents were about to levy their executions, but that they had disposed of some of their property, so that, in case of a reversal of the judgments by this court on appeal, a collection on judgments for damages against them would be problematical. The purpose of asking that these causes be advanced is that they may be disposed of prior to the levy of the executions, and, if the said judgments are reversed, not only the levies averted, but the necessity also averted of bringing the subsequent actions for damages against the plaintiffs and respondents, which, as we said before, may be of no avail on account of the disposition of property by such plaintiffs.

*Knauf & Knauf,* for appellant.

Complaint must state facts to constitute cause of action. James River Nat. Bank v. Purchase, 9 N. D. 281, 83 N. W. 7.

The measure of recovery is the difference in the value of the land before and after the damage. Cleveland School Dist. v. Great Northern R. Co. 20 N. D. 124, 28 L.R.A.(N.S.) 757, 126 N. W. 995.

Proper foundation must be laid before opinion evidence as to value

can be received. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; 5 Enc. Ev. 615.

Knowledge must be shown as to prices at the place where buildings were destroyed. Santa Cruz v. Enright, 95 Cal. 105, 30 Pac. 197; San Diego Land & Town Co. v. Neale, 88 Cal. 50, 11 L.R.A. 604, 25 Pac. 977; Jones v. Mechanics' F. Ins. Co. 36 N. J. L. 29, 13 Am. Rep. 405; Guiterman v. Liverpool, N. Y. & P. S. S. Co. 83 N. Y. 365.

Evidence as to value must relate to reasonable "market value." Dana v. Fiedler, 12 N. Y. 40, 62 Am. Dec. 130; Blaen Avon Coal Co. v. McCullon, 59 Md. 403, 43 Am. Rep. 560; Gulf, C. & S. F. R. Co. v. Dunman, — Tex. Civ. App. —, 31 S. W. 1070; Aultman Co. v. Ferguson, 8 S. D. 458, 66 N. W. 1081; Watt v. Nevada C. R. Co. 23 Nev. 154, 62 Am. St. Rep. 772, 44 Pac. 423, 46 Pac. 52, 726; Frick v. United Firemen's Ins. Co. 218 Pa. 409, 67 Atl. 743; Johnson v. Northern P. R. Co. 1 N. D. 354, 48 N. W. 227; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1.

*Carr & Kneeland* and *S. E. Ellsworth,* for respondent.

Appeal or cost bonds must comply with the requirements of the statute governing appeal bonds. Bergevin v. Wood, 11 Cal. App. 643, 105 Pac. 935; Stewart v. Lyness, 22 N. D. 149, 132 N. W. 768; Aldrich v. Public Opinion Pub. Co. 27 S. D. 589, 132 N. W. 278; Drinkwine v. Eau Claire, 83 Wis. 428, 53 N. W. 673; Bryson v. Lucas, 85 N. C. 397; Harshaw v. McDowell, 89 N. C. 181; Holcomb v. Teal, 4 Or. 352; Alberson v. Mahaffey, 6 Or. 412; State ex rel. Mahoney v. McKinmore, 8 Or. 207; Pencinse v. Burton, 9 Or. 178; McDonald v. Ellis, 4 Ariz. 189, 36 Pac. 37; McMillan v. Nye, 90 N. C. 11; Hemphill v. Blackwelder, 90 N. C. 14; Northern Counties Invest. Trust v. Hender, 12 Wash. 559, 41 Pac. 913; Turner v. Quinn, 91 N. C. 92; Bailey v. Rutjes, 91 N. C. 420; State v. Wagner, 91 N. C. 521; State ex rel. Rayssiguier v. Monroe, 37 La. Ann. 113; Thompson v. Thompson, 24 Wis. 515.

BRUCE, J. (after stating the facts as above). We must remember that the real controversy in this case is not a controversy between the respective counsel, but between their clients, and that the province of this court is not to act as umpire in a fair fight between such counsel, but to see that justice is ultimately done to the litigating parties, and

that the administration of the law itself may be reasonable and without just subject for criticism. In the former motions (Burger v. Sinclair, post, 326, 140 N. W. 235) we held that, under the express wording of the statute, we had no jurisdiction or authority to allow the filing of a supersedeas bond, or the filing of a bond which would operate as a supersedeas in this court, and that the time for filing such bond in the district court had, under the statute, expired. We are here, however, asked merely to advance the particular cases on the calendar of this court, so that justice may be done, and unnecessary litigation and annoyance and humiliation obviated. We realize fully that the statute merely *requires us* to advance cases where some matter of public interest is involved, and that this matter is hardly a matter of *public* interest under the terms of the statute, though we believe that basic justice to the individual and a reasonable administration of the law is in one sense always a matter of public interest. We do not, however, believe that the statute which provides that matters of public interest shall be advanced prohibits us from advancing other causes when, in our reasonable discretion, it seems fitting that they should be advanced. In fact, we find no courts which have ever taken this position, but have rather taken the position that the control of their own calendars is within their discretion. This fact counsel for respondent, himself, seems to concede. An appeal to the courts is, at the most, a drastic measure. The levy and sale under any execution is, to say the least, humiliating. To insist upon such a levy and sale when, perhaps, the judgment under which the same is sought to be effected will ultimately be declared null and void, is certainly a matter which should be avoided if possible. Especially is this so where there is no doubt of the solvency of the defendant, and no doubt of his willingness and ability to pay any judgment that may be affirmed against him. To insist, indeed, that a defendant shall go through the idle, though humiliating, form of seeing his farm or other possessions, on which he may have labored for a lifetime, sold under the hammer of the sheriff, when the same may be absolutely unnecessary, and can be avoided by merely advancing a case upon the calendar, seems to be limiting judicial discretion altogether too much. This is especially true when there are three cases, all of which can be disposed of on the same argument, and the calendar cleared to that extent. No hardship is worked on the judgment creditors by

advancing the appeals for early argument,—only a short delay at most in collecting their judgments if the cases are so advanced, tried, and judgments affirmed. If reversed, no irreparable injury is done such as may result from a denial of this motion.

It may be said that the defendant may redeem from the executions. Even then he would be compelled to bring suit for the recovery of the money so paid, and not only might the question be raised that the payments were voluntary, but, according to some of the affidavits in this case, a collection of the judgments on such suits would be problematical. This court has, in the past, exercised its discretion in the control of its calendar. It has, for instance, in cases where counsel from certain towns or localities have had a number of causes upon the calendar, and by having a number of such argued at one time, the necessity of frequent journeys to the capital has been able to be avoided, allowed such causes to be argued out of their order. If this court can accommodate counsel, it certainly ought to be able to accommodate litigants themselves. Calendars and rules are made for litigants, and not litigants for calendars and rules. When a permissible exercise of discretion will result in administering justice, while a denial of its exercise will work injustice, we should resolve the question in favor of a just result, rather than stand on ceremony concerning the formal method used in reaching the desired end.

It is argued that the defendant in this case could go into a court of equity and enjoin the levy of the executions. Whether this could be done or not, we do not say, but even if it could be done, it would necessitate three other lawsuits, and, perhaps, three other appeals, the expense and delay of all of which can be obviated by the simple expedient of advancing the causes upon the calendar.

It is also contended that the appeals have all been dismissed "by operation of the mandate of this court made on a former motion to dismiss" (Burger v. Sinclair, post, 326, 140 N. W. 235), to the effect that "respondent's motion to dismiss said appeal is denied on condition, however, that appellants, within twenty days from the date of this order, file with the clerk of the supreme court an undertaking for costs in compliance with the statute, with sureties to be approved by the clerk of the district court, and that, unless such condition is

complied with in the time aforesaid, the appeal in said action shall be dismissed."

Plaintiff's and respondent's counsel insists that though cost bonds were filed, two of them were insufficient in form, and that they were not filed long enough prior to the expiration of the twenty days to allow an exception to and justification of the sureties. On account of these defects he alleges that the order has not been complied with, and the appeals have therefore been dismissed by operation of law. We do not think that there is any force in either of his contentions. There can be no doubt that, under the order of the court, he was entitled to insist upon a justification of the sureties. The order, however, did not provide that this opportunity for justification should have been afforded within the twenty days. All that the order provided was that the bonds should be *approved by the clerk of the district court within that time,* and this was done. Two of the bonds were defective in that, evidently through a mistake of the stenographer, the word "plaintiff" was used instead of "appellant," the bond reading, "Now, therefore, we do hereby undertake that the said appellant will pay all costs and damages which may be awarded against plaintiff on said appeal." Defendant was the appellant, and therefore the use of the word "plaintiff" was incorrect. This mistake by no means invalidated the bonds, as the intention of the parties was elsewhere in the instrument, and, by the instrument as a whole, made perfectly clear. Schill v. Reisdorf, 88 Ill. 411; Hilbish v. Asada, 19 N. D. 684, 125 N. W. 556. There was, also, in each of the bonds, an additional promise and obligation which was, in itself, abundantly sufficient, and operated as a bond. It was to the effect that the sureties did "also undertake in the sum of $900 that if the said judgment so appealed from, or any part thereof, is affirmed, or said appeal is dismissed, the said *appellant* will pay the amount directed to be paid by the said judgment, or any part of such amount as to which said judgment shall be affirmed, if it is affirmed only in part, and all damages which shall be awarded against said appellant on said appeal not exceeding the aggregates of the amounts above mentioned." This latter undertaking was abundantly sufficient to secure to the respondents their costs, and even if we held that the erroneous use of the word "plaintiff" invalidated

24 N. D.—21.

the former part of the instrument, the instrument as a whole is by no means a nullity. The bond at any rate was a good and sufficient common-law obligation. Riley v. Mitchell, 38 Minn. 9; Kasson v. Brocker, 47 Wis. 79, 1 N. W. 418; Anderson v. Meeker County, 46 Minn. 237, 48 N. W. 1022; Gein v. Little, 43 Misc. 421, 89 N. Y. Supp. 488; Johnson Bros. v. Glaspey & Rennie, 16 N. D. 335, 113 N. W. 602; King v. Branscheid, 32 Wash. 634, 73 Pac. 668, Rev. Codes 1905, sec. 7223; Smith v. Mumford, 9 Cow. 26.

We are of the opinion that the causes should be advanced. It is so ordered.

SPALDING, Ch. J., dissenting. I cannot concur in a decision which seems to be supported by apologies rather than reasons. The right to appeal is purely statutory. The legislative assembly has prescribed the terms and conditions upon which an appeal may be taken. It has likewise provided the method whereby a judgment of the district court may be stayed on appeal. It is incumbent upon the appellant to substantially comply with the requirements imposed upon him by the legislature. The courts have not been empowered to prescribe these terms and conditions. They can only determine whether they have been complied with. The appellant in this case deliberately and intentionally appealed without making provision for the statutory stay bond. His attention was called to the fact that he had not done this, and he advised counsel for respondent that he did not intend to do so. Great delay was had in perfecting his appeal and in getting into this court. Judgment was entered in favor of plaintiff on the 29th day of June, 1911. Time was extended and execution stayed to enable defendant to settle a statement of the case, until December, 1911, and a motion for a new trial was denied on the 20th of February, 1912. The appeal was not taken until March 27th, 1912. An imperfect cost bond on appeal was filed, with no stay bond. The defendant rested in security by reason of the stay of execution and extension thereof which had been granted him until more than a year had elapsed from the entry of judgment, when, in July, 1912, and after the district court had lost jurisdiction, application was made to a member of this court that defendant be allowed to file a bond or undertaking upon appeal for the purpose of securing a stay of execution, and for the approval of a

bond then presented. The bond presented failed in material respects to comply with the requirements of the statute. This fact was inadvertently overlooked by the judge who approved it and granted the order. Subsequently, such order was revoked by this court and it was held in Burger v. Sinclair, post, 326, 140 N. W. 235, in an opinion recently filed, that the defendant was not entitled to an order from this court permitting him to file such bond. Thereafter application was made to this court to have this case advanced from near the foot of the calendar to the head thereof, so that argument might be had on the appeal before respondent could levy execution and make sale to satisfy his judgment.

If the matter was one for the exercise of the discretion of this court, the conclusion reached might be justified, but if not, I see no excuse for permitting this indirect method of evading and avoiding the terms and conditions of the statute, as construed in our decision denying appellant the relief asked on the former application to which I have referred. I see no reason why, by indirection, he should in effect be given the same relief there denied. A petition for rehearing on the decision referred to has been pending for some days, and by refusing to act therein until a decision of this case on the merits, as advanced on the calendar, the defendant is given a supersedeas to which he is not entitled under any consideration when the facts are considered. The presumptions are in favor of the correctness of the verdict and judgment in the district court. The effect of this decision is to resolve all presumptions in favor of the appellant, and to deny to respondent the advantage and the rights to which he is entitled under his judgment and the facts. Much is made, in the majority opinion, of the fact that respondent is probably insolvent, as there stated. I think the evidence before us comes very far from proving this fact. It is alleged that he has sold some property, but the sale of property does not necessarily change one's financial status; in fact it may facilitate the enforcement of a judgment on execution.

When respondent brought this action against appellant, he took the chances of being able to enforce any judgment he might obtain. When appellant took his appeal and refused to furnish a stay bond, he deliberately took his chances on being able to recover from respondent in case of a reversal. These things are all incidents, and necessary inci-

dents, of litigation, except in so far as parties may protect themselves in the manner prescribed by law.

Considerable stress seems to be laid by the majority upon the fact that a bond purporting to be a supersedeas bond is now offered by appellant. In view of our former decision declining to permit him to give such a bond, the present decision based upon his offering it seems an anomaly. Its value in case of affirmance would likewise be quite problematical, as it may well be doubted whether respondent could recover upon it for lack of consideration. A hardship may result from any decision rendered by this court, but why should the hardship be imposed upon the party in whose favor the presumptions are, rather than upon the one who, under the law, must carry the burden of the appeal? It is true that this court has at all times control of its calendar, but the order in which cases are placed upon such calendar is fixed by law, and the statute prescribes exceptions to the order in which cases shall be heard. The court has, in some instances, varied from that order on consent of parties, but I have never known it to do so over the objection of a party, except in the cases named in the statute. Except for appellant's long and unexplained delays, the case might long since have been finally determined. The fact is that counsel in many cases are relying upon the favor of this court to relieve them from their own negligence or carelessness, and sometimes from their own erroneous, but intentional, conduct. Courts, as well as counsel, should be governed by the statute enacted for their guidance. Parties to other pending appeals have just ground for complaint at the delay occasioned by giving precedence to an application showing no merit greater than can be shown by any party who declines to protect himself.

These views also apply to Seckerson v. Sinclair, post, 326, 140 N. W. 239, and Hawkins v. Sinclair, post, 325, 140 N. W. 246, in which *per curiam* opinions are filed herewith.

FISK, J. I concur in the views of the Chief Justice.